JOHN W. HUBER, United States Attorney (7226)
JEFFREY E. NELSON, Assistant United States Attorney (2386)
Attorneys for the Defendants
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
(801) 524-5682
jeff.nelson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| W. CLARK APOSHIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW WHITAKER, Acting Attorney General of the United States, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00037-JNP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS**<br><br>District Judge Jill N. Parrish |

Plaintiff has opposed Defendants' Motion for Stay of Proceedings In Light of Lapse of Appropriations. *See* ECF Nos. 16, 17. Defendants' motion seeks a stay "until Department of Justice attorneys are permitted to resume their usual civil litigation functions," explaining that Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. For the reasons previously set forth, and as further explained below, the Court should grant the stay.

Plaintiff asserts that Defendants' motion should be denied because "the ongoing government shutdown has no certain end date, and may well stretch beyond the March 26th effective date of the challenged rule." *See* ECF No. 17. However, March 26 is over two months

away, and although the lapse in appropriations *may* endure until then, the lapse in appropriations may be concluded long before that date. Plaintiff has not explained why proceedings need to be held at this time, other than by reference to the requirement that, by a date still two months away, he must either "destroy . . . or abandon" his bump stock. *Id.* Plaintiff suggests no reason why he could not carry out either of those actions quickly should his claims be heard later and resolved against him.

As an alternative, Plaintiff indicates that he does not object to a brief extension of time for Defendants to respond to the motion, an accommodation that Defendants appreciate. But given the potential for a change in circumstances regarding Department of Justice appropriations over the next two months, the better approach would be for the Court to grant Defendants' motion and—in the event the lapse in appropriations should continue—for Plaintiff to request that the stay be lifted when March 26, the date for compliance with the challenged rule, draws near.

As a different alternative, Plaintiff suggests that if the Court grants Defendants' motion, it should simultaneously grant a stay of the effective date of the Final Rule challenged in this litigation. However, by providing "intermediate relief of the same character as that which may be granted finally," *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), such an order would amount to a preliminary injunction—precisely what is sought in Plaintiff's pending motion, ECF No. 15. To grant this "alternative" would effectively grant Plaintiff's preliminary injunction motion, but without benefit of briefing and argument. Plaintiff's opposition memorandum (ECF No. 17) does not argue, much less establish, the criteria for injunctive relief,

as would be required for a preliminary injunction to be granted.[1] Moreover, as noted above, there is no need for such extraordinary relief now, over two months prior to the Final Rule's effective date.

Defendants acknowledge that the current lapse in appropriations presents uncertainty for Plaintiff and is disruptive to all involved. Nevertheless, for the reasons presented in Defendants' motion and those set forth above, Defendants respectfully request that a stay of proceedings be entered.

DATED this 25th day of January, 2019.

JOHN W. HUBER
United States Attorney

 */s/ Jeffrey E. Nelson*
JEFFREY E. NELSON
Assistant United States Attorney

---

[1] A preliminary injunction "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). A preliminary injunction is "never awarded as of right," and "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20, 24 (2008). At the appropriate time, Defendants will explain that Plaintiff has failed to make this showing in his Motion for Preliminary Injunction.