IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| W. CLARK APOSHIAN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>　　　　　　　　Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Case No. 2:19-cv-37<br><br>District Judge Jill N. Parrish |

　　　　Before the court is plaintiff W. Clark Aposhian's Motion for Injunction Pending Appeal filed on March 19, 2019. (ECF No. 35). Mr. Aposhian's motion follows the court's denial of his motion for preliminary injunction (ECF No. 31) and the subsequent filing of Mr. Aposhian's Notice of Interlocutory Appeal (ECF No. 32). For the reasons below, his Motion for Injunction Pending Appeal is denied.

　　　　Mr. Aposhian brings his motion under Rule 62(d) of the Federal Rules of Civil Procedure, which provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that . . . refuses . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights."

　　　　A court's discretion in granting an injunction, or a stay of an injunction, pending appeal is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009)

(quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Clearly, "[t]here is substantial overlap between these and the factors governing preliminary injunctions . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The first two factors of the traditional standard are the most critical. It is not enough that the chances of success on the merits be 'better than negligible.'" *Id.*

The Tenth Circuit has interpreted the Supreme Court's decision in *Winter* to foreclose "any modified test which relaxes one of the prongs for preliminary relief[.]" *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016). Accordingly, the Tenth Circuit held that its "serious questions" standard—which had permitted a movant to establish the merits prong of the injunctive relief analysis upon a showing "that questions going to the merits are so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation"—was inconsistent with *Winter* and was thus no longer permissible. *Id.*

Mr. Aposhian's primary argument in requesting the issuance of an injunction is that the relaxed "serious questions" test somehow retains vitality in the context of a Rule 62 motion for an injunction pending appeal of a denial of injunctive relief.

But accepting Mr. Aposhian's argument would require this court to adopt a narrow and disingenuous reading of the Supreme Court's clear statements regarding the showings necessary to obtain the "extraordinary remedy" of injunctive relief in any context. *See Dine*, 839 F.3d at 1282 ("We do not . . . approach opinions of the Supreme Court with a view to reaching the narrowest construction possible." (alteration in original) (quoting *United States v. Nelson*, 383

F.3d 1227, 1232 (10th Cir. 2004)). The court agrees with the only other district court in the Tenth Circuit to have considered the effect of *Winter* and *Nken* on the standards applicable in the Rule 62(d) context, that "because the Supreme Court has articulated largely the same requirements for stays pending appeal as for injunctions, the relaxed likelihood-of-success test is likely abrogated with respect to both injunctions and stays pending appeals." *Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1093 (D.N.M. 2017) ("The Tenth Circuit's abrogation of the relaxed likelihood-of-success test in the injunction context likely applies with equal force to the stay-pending-appeal context.").

In short, the court's finding that Mr. Aposhian has not shown a likelihood of success on the merits is as fatal to his request for an injunction pending appeal as it was to his request for a preliminary injunction. In effect, Mr. Aposhian requests that this court reverse course and grant him the injunction he was denied five days ago merely because he has filed a notice of interlocutory appeal in the interim. But no matter the procedural posture, the court cannot find that Mr. Aposhian "has made a strong showing that he is likely to succeed on the merits[.]" *Nken*, 556 U.S. at 434. Thus, for the same reasons articulated in the court's denial of Mr. Aposhian's motion for preliminary injunction, his motion for an injunction pending appeal (ECF No. 35) is denied.

Signed March 20, 2019

                                              BY THE COURT

                                              _____

                                              Jill N. Parrish
                                              United States District Court Judge