'14544



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*NOT m/sun*



Martinsburg, West Virginia 25405

www.atf.gov

JUN 0 7 2010

**903050:MMK**
**3311/2010-434**

Compton

Dear Mr. Compton:

This is in reference to your submission and accompanying letter to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), asking for an evaluation of a replacement shoulder stock for an AR-15 type rifle. Your letter advises that the stock (referenced in this reply as a "bump-stock") is intended to assist persons whose hands have limited mobility to "bump-fire" an AR-15 type rifle. Your submission includes the following: a block to replace the pistol grip while providing retention for the selector stop spring; a hollow shoulder stock intended to be installed over the rear of an AR-15 fitting with a sliding-stock type buffer-tube assembly; and a set of assembly instructions.

The FTB evaluation confirmed that the submitted stock (see enclosed photos) does attach to the rear of an AR-15 type rifle which has been fitted with a sliding shoulder-stock type buffer-tube assembly. The stock has no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed. In order to use the installed device, the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand. Accordingly, we find that the "bump-stock" is a firearm part and is not regulated as a firearm under Gun Control Act or the National Firearms Act.

Per your telephoned instructions, we will contact you separately to make return delivery arrangements.

We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

74544






AR000127

74544



AR000128

74544



AR000129



74544

74544



AR000131

74544






74544 – JUN 7, 2010 – Compton, ■ – Bump Fire Stock – NOT A MACHINEGUN




AR000132

EVAL.

74544

2010 — 434 — MMK

Compton

**RECEIVED**

ATTN: Chief John Spencer
BATFE Firearm Technology Brach
244 Needy Road
Martinsburg, WV 25405 USA

**BY:** ..........  ..........

fh#

To Whom It May Concern:

Included in the box is a rifle stock that I had made for my standard AR-15 rifle. I have included an instruction pamphlet explaining how to install the stock on a standard AR-15 rifle. The stock has a finger rest located on the left side of the pistol grip. There is also a two position switch that locks the stock in place or allows the stock to slide a ½" when bump-firing. I have found that this is much safer than just removing the locking pin on my standard rifle stock, and this also allows me to properly hold the rifle when I am shooting. It also has the added benefit of allowing someone with limited mobility in their fingers the ability to use their off-hand to assist them in firing the rifle. This is an alternative to the standard rifle stock, but I wanted to ensure that it was not violating any Federal laws. If you would please review the rifle stock and inform me of your decision I would greatly appreciate it. You may contact me at the above listed address or via email at: dcompton@trminerals.com

Sincerely



Compton

1311



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

✱ no physical sample

*Martinsburg, West Virginia 25403*            903050:MSK
www.atf.gov                                  3111/2011-485
MAR 0 9 2011

Reich

Dear Mr. Reich:

This refers to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives
(ATF) Firearms Technology Branch (FTB), in which you asked about the legality of designing
an electronic device which would allow a person to "pull the trigger" of a firearm faster.  Based
on your description of the device, it appears that you are designing a device to facilitate "bump-
firing" a firearm.

For your information, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines a
"machinegun" as follows:

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot,
automatically more than one shot, without manual reloading, by a single function of the trigger.
The term shall also include the frame or receiver of any such weapon, any part designed and
intended solely and exclusively, or combination of parts designed and intended, for use in
converting a weapon into a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession or under the control of a
person.*

Additionally, we should point out that "bump-fire" is a vernacular expression used in
contemporary firearms culture and is not defined in either the Gun Control Act of 1968 or the
NFA.  For present purposes, FTB will regard the term as meaning rapid manual trigger
manipulation to simulate automatic fire.  As long as you must consciously pull the trigger for
each shot of the "bump-fire" operation, you are simply firing a semiautomatic weapon in a rapid
manner and are not violating any Federal firearms laws or regulations.

 Regarding the installation of your proposed electronic device as well as various aftermarket
parts; modifying fire-control components; installing Tac, Hellfire, or Hellstorm triggers; or
attaching rubber bands to triggers to facilitate easier "bump-fire" operations, we caution that any
modifications which permit a weapon to fire automatically more than one shot with a single
function of the trigger could result in that weapon being defined as a "machinegun" as noted in
§ 5845(b).  Possession of an unregistered machinegun is a violation of Federal law.

15'14

-2-

████ Reich

We thank you for your inquiry and trust that the foregoing has been responsive to your concerns.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch



Bureau of Alcohol, Tobacco, Firearms, and Explosives
Firearms Technology Branch
244 Needy Road
Martinsburg, West Virginia 25405 USA

To Whom It May Concern:

I have a question about the legality of making an electronic trigger for an AR-15 (or any firearm, for that matter). Would it be legal to have a trigger or fire-control group actuated electronically by a servo or similar device, whereupon the operator of the firearm could change the amount of travel or the trigger weight using an electronic circuit? What if, by design of the program and circuitry, the amount of travel or trigger weight were automatically shortened or lightened, depending on rate of fire (in other words, the faster the operator pulls the trigger, the easier it becomes to fire, until they stop pulling the trigger)? At no point would the firearm fire multiple rounds for a single pull of the trigger, it would only become easier to pull the trigger faster. Are there any other NFA or associated legal concerns I need to consider before making such a device? Thank you for your help and guidance in this matter.

Respectfully,



Reich

FDIA S00034

Page 1 of 1

7579

 **U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

 ALM Stock                    NOT m/gun

Martinsburg . West Virginia 25405      903050:MSK
www.atf.gov                            3311/2011-502

**MAY 2 6 2011**

▌Savage
Historic Arms, LLC

▌

Dear Mr. Savage:

This is in reference to your sample, as well as accompanying correspondence, which was
submitted to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF). You have submitted this item, consisting of a Chinese, Type 56 (SKS) rifle
and a stock of your own manufacture, with a request for classification under the National
Firearms Act (NFA).

As you know, the NFA, 26 U.S.C. § 5845(b), defines the term "machinegun" as follows:

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot,
automatically more than one shot, without manual reloading, by a single function of the trigger.
The term shall also include the frame or receiver of any such weapon, any part designed and
intended solely and exclusively, or combination of parts designed and intended, for use in
converting a weapon into a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession or under the control of a
person."*

Further, ATF Ruling 2006-2 describes a device that is designed and intended to accelerate the
rate of fire of a semiautomatic weapon and classifies it as follows:

*Held, a device (consisting of a block replacing the original manufacturer's V-Block of a Ruger
10/22 rifle with two attached rods approximately ½ inch in diameter and approximately 6 inches
in length; a second block, approximately 3 inches long, 1 ⅜ inches wide, and ½ inch high,
machined to allow the two guide rods of the first block to pass through; the second block
supporting the guide rods and attached to the stock; using ½ inch rods; metal washers; rubber
and metal bushings; two collars with set screws; one coiled spring, C-clamps, a split ring; the*

AR000137

I-OIA  500054

Page 1 of 1

75796

-2-

███████  Savage

*two blocks assembled together with the composite stock) that is designed to attach to a firearm and, when activated by a single pull of the trigger, initiates an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted, is a machinegun under the NFA, 26 U.S.C. 5845(b), and the ...[Gun Control Act: GCA]... 18 U.S.C. 921(a)(23).*

The submitted device (also see enclosed photos) incorporates the following features or characteristics:

- A metal block which secures the SKS trigger mechanism to the remainder of the weapon (a function formerly accomplished by the weapons factory stock). A metal rod is attached and protrudes from the rear section of this metal block. This rod rides within a bushing inletted into the rear portion of your "ALM" stock.
- A second metal block which has been machined to allow the three guide rods located in the front portion of your stock to pass through it. This component serves as a support for the front portion of the SKS rifle and as an attachment to the modified stock.
- A forward hand guard/gripping surface which is attached to the bottom portion of the second metal block noted above.
- Lack of any operating springs, bands, or other devices which would permit automatic firing.

Your ALM stock is designed to allow the SKS rifle mounted within it to reciprocate back and forth in a linear motion. The absence of an accelerator spring or similar component in the submitted device prevents the device from operating automatically as described at ATF Ruling 2006-2. When operated, forward pressure must be applied to the above noted forward hand-guard/gripping surface with the support hand, bringing the receiver assembly forward to a point where the trigger can be pulled by the firing hand. If sufficient forward pressure is not applied to the hand guard with the support hand, the rifle can be fired in a conventional semiautomatic manner since the reciprocation of the receiver assembly is eliminated.

The FTB live-fire testing of the submitted device indicates that if, as a shot is fired and a *sufficient* amount of pressure is applied to the hand guard/gripping surface with the shooter's support hand, the SKS rifle assembly will come forward until the trigger re-contacts the shooter's stationary firing-hand trigger finger, allowing a subsequent shot to be fired. In this manner, the shooter pulls the receiver assembly forward to fire each shot, each shot being fired by a single function of the trigger.

Since your device does not initiate an automatic firing cycle by a single function of the trigger, FTB finds that it is NOT a machinegun under the NFA, 26 U.S.C. 5845(b), or the GCA, 18 U.S.C. 921(a)(23).

AR000138

FOIA 50014

Page 1 of 1

75796

-3-

███ Savage

Please note that this classification is based on the item as submitted.  Any changes to its design features or characteristics will void this classification.  Moreover, we caution that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically as described in Ruling 2006-2 will result in the manufacture of a machinegun as defined in the NFA, 26 U.S.C. 5845(b).

Please provide our Branch with a FedEx account number so that we may return this item to you.

We thank you for your inquiry and trust that the foregoing has been responsive to your evaluation request.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

AR000139

FOIA 50005Y

75796

-4-

 Savage

**Submitted device assembled:**



AR000140

FOIA 500054

Page 1 of 1
75796

-5-

 Savage

View of the three forward guide rods:



AR000141

FOIA 2004

Page 1 of 1

75796

-6-

Savage

Metal block which secures SKS rifle and rides over the guide rails pictured above:



AR000142

FOIA 500054

Page 1 of 1

75796

-7-

█████ Savage

Metal block which secures trigger mechanism and metal rod which rides in bushing located in
rear portion of the ALM stock:



AR000143

FOIA 2000 54

Page 1 of 1

75796

-8-

Savage



AR000144



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Assistant Director*

Washington, DC 20226

The Honorable Robert B. Aderholt
Member of Congress
600 Broad Street
107 Federal Building
Gadsden, Alabama 35901

NOV 2 1 2011

Dear Congressman Aderholt:

This is in response to your letter dated October 24, 2011, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), on behalf of your constituent, ▇▇▇▇ Limbaugh. Mr. Limbaugh expressed his concern that the newly manufactured Slide Fire Solutions plastic stock (SSAR-15) that attaches onto the buffer-tube assembly of an AR-type semiautomatic rifle should be unlawful to manufacturer and possess.

The National Firearms Act (NFA) of 1934, Title 26, United States Code 5845(b), defines "machinegun" as: "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person."

The Slide Fire Solutions stock attaches to the rear of an AR-15 type rifle which has been fitted with a buffer-tube assembly of the sliding shoulder-stock variety. The stock has no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed. In order to use the installed device, the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand. The trigger resets after each round is fired and thus does not meet the definition of machinegun provided above. Accordingly, this stock is classified as a "bump-stock"; its status is that of a firearm part not subject to regulation under Federal firearms laws including NFA provisions.

We hope this information proves helpful in responding to your constituent. Please let us know if we can be of further assistance.

Sincerely yours,

Gregory K. Gant
Assistant Director
Public and Governmental Affairs

2565468778

Robert B. Aderholt
4th District, Alabama

03 23 58 p m   10-24-2011    1 /4

2204 Rayburn House Office Building
Washington, DC 20515
Telephone: (202) 225-4876



## FAX TRANSMISSION
### Congressman Robert B. Aderholt
600 Broad Street
107 Federal Building
Gadsden, AL 35901
(256) 546-0201
Fax: (256) 546-8778

**TO:**  Mr. Gregory Rasnake
ATF

**DATE:**  10/24/11

**FAX#:**  202-648-9708

**PAGES: 4**
(Including this cover sheet)

**FROM:**  Pam Abernathy

**SUBJECT:** ███████ Limbaugh

2565468778

03 24 04 p m.   10-24-2011      2/4

**ROBERT B. ADERHOLT**
4TH DISTRICT, ALABAMA

2264 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
TELEPHONE: (202) 225-4876

WEB PAGE: www.house.gov/aderholt



**COMMITTEE ON APPROPRIATIONS**
CHAIRMAN,
HOMELAND SECURITY

COMMERCE, JUSTICE, SCIENCE

AGRICULTURE

## Congress of the United States
### House of Representatives
### Washington, DC

October 24, 2011

Mr. Gregory R. Rasnake
Office of Legislative Affairs
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue Ne
Mail Stop 5.s-144
Washington, D.C. 20226

Dear Mr. Rasnake:

Enclosed is a copy of correspondence I have received from my constituent,      Limbaugh, regarding his concerns with a company from Tucson, AZ. Mr. Limbaugh states the company is making a single piece plastic stock cover to fit over the AR15 lock stock which converts them to a single fully automatic weapon. Mr. Limbaugh states he is very concerned with this and that the FBI in Birmingham, AL, is aware of the situation. I trust you will give Mr. Limbaugh's concerns every review and consideration.

I would appreciate it if you would review the enclosed letter and provide me with any information that may be helpful to my constituent. Please direct your response to Pam Abernathy at 600 Broad Street, 107 Federal Building, Gadsden, AL 35901.

I am grateful for any assistance you may be able to provide in this matter.

Sincerely,

Robert Aderholt
Member of Congress

RA:PA

247 CARL ELLIOTT BUILDING
1710 ALABAMA AVENUE
JASPER, AL 35501
TELEPHONE: (205) 221-2310

205 FOURTH AVENUE NE
SUITE 104
CULLMAN, AL 35055
TELEPHONE: (256) 734-6043

107 FEDERAL BUILDING
600 BROAD STREET
GADSDEN, AL 35901
TELEPHONE: (256) 546-0201

MORGAN COUNTY COURTHOUSE
P.O. Box 669
DECATUR, AL 35602
TELEPHONE: (256) 350-4093

2565468778

03 24 13 p m   10-24-2011     3 /4

My Name is ████████████ Altho'ugh, I live at ████████████████ phone #/- ████ I adopted the Jewls Hollow Gun Range located in Etowah County, Alabama, My Covcerns: A Colt A.R. 15, rifle 5.56mm. or 223 amro. A Compan according to the A.T.F. in Brimingham Al. Stated they know about the Company in Tuson AZ, making a Sin gle piece plastic stock cover to fit over the A.R.15 Gun cle stock.

They, the A.T.F, & the F.B.I & Home Land seccurity, can't see the problem. To Convert a Single action weapon into a Fully Automatic weapon, used to be a Federal offense 10 yeatrs in Federal Pen, $100,000.00 fine.! Their about the Arabs, Alaka, Converting Simi Auto Colt A.R.I to Really Auto M 16's our Armed forces uses ?.? Hello, wake up, America.

Dont wait untill some groupe uses this new way of Convert, Simi auto to full auto, Rock&Roll, go to a Stabed shopping mall, their Concert, ect. something's wrong with our Goverment !?, open your eyes & ears, , its coming. you have been warned. By myself & God!

I am Sina ██████████████ Lindberg

God Bless & God speed.

AR000148

'15718



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Machine Gun*



Washington, DC 20226
www.atf.gov

903050:MMK
3311/2011-624

████ Savage
Historic Arms, LLC
████

**NOV 2 3 2011**

Dear Mr. Savage:

This refers to your correspondence to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco and Firearms (ATF), with an accompanying sample "ASFS Stock" and magazine, requesting an evaluation in accordance 18 U.S.C. 921(a)(3) and 26 U.S.C. 5845(a). As explained below, the evaluation of your submitted ASFS Stock (photo enclosed) finds that it is a combination of parts designed and intended to convert a firearm into a machinegun.

The examination conducted by FTB noted that the stock consisted of a large main outer shell, a rear shoulder pad, a right-side dust cover, two vertical grip assemblies, guide-rail mounting blocks, guide rails, and a retractable trigger cross-pin. The main shell and dust cover encase the firearm (a semiautomatic WASR-10 type) and guide-rail mounting blocks. The shell also incorporates an extension which covers the encased firearm's trigger and provides attachment for the retractable trigger cross-pin. The mounting blocks are attached to the interior of the main shell, and the guide rails are attached, connecting the encased firearm to the outer shell at both the rear and near the firearm's midpoint. One vertical grip is attached to the bottom of the main shell at the shell's forward end, and the other vertical grip is attached to the bottom of the forward end of the firearm's barrel. When assembled onto the firearm, the cross pin engages the enclosed WASR-10 trigger, and the forward vertical grip becomes the *trigger* used to initiate the firing sequence.

The firing sequence is initiated by the shooter pushing forward on the forward-most vertical grip while the shooter's other hand maintains control of the device by holding the rearmost vertical grip. The application of forward pressure forced the encased firearm to move forward against the cross pin; the weapon fired, the recoiling energy pushed the encased firearm rearward inside the stock, the trigger reset and the continuous forward pressure of the shooter drove the encased firearm back onto the cross pin so that the weapon again fired. The firing sequence continued until pressure was removed or the ammunition source was exhausted.

During the test firing, when a magazine of five rounds was inserted, the device fired all five rounds automatically without manual reloading by a single function of the trigger. Additionally, after loading a second magazine with two rounds, the device fired automatically when the device was simply tilted forward at an angle.

15918

-2-

 Savage

against the cross pin and initiated the firing sequence, causing both rounds to be fired without manual reloading by a single function of the triggering mechanism.

A noted difference between this submission and your previously submitted ALM Stock, which was not classified as a "firearm," is the length of the area shrouding the trigger and the addition of a cross pin designed to engage an encased firearm's trigger. Thus configured, the ASFS Stock is designed to convert the recoiling forces generated from the action of an explosive to maintain a sequence of events which will continue automatically until the trigger is no longer activated or the ammunition is depleted.

As you know the National Firearms Act (NFA), 26 U.S.C. § 5845(a)(6), defines the term "firearm" to include ...*a machinegun*... . Further, § 5845(b) defines a "machinegun" in part as: ...*any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun*.... Since the Historic Arms, ASFS stock was found to convert a semiautomatic firearm to fire automatically, more than one shot without manual reloading by the single function of the trigger, we determined the ASFS stock to be a "machinegun" as defined.

Because your sample is a "machinegun" as defined in the NFA and you are a licensed special occupational tax-payer, you have by close of business the next business day following receipt of this letter to register your device. As soon as FTB has received verification that the submitted ASFS stock is registered, we will return it to you. Since the device is not yet serialized, you must immediately upon its return apply the assigned serial number clearly and conspicuously and in accordance with the size and depth requirements found in 27 CFR 479.102. To preclude the susceptibility to obliteration, alteration, or removal, we recommend you apply the serial number markings to an externally visible portion of the largest single component of the device.

To facilitate return of your submission after registration is complete, please provide FTB with a prepaid shipping label from FedEx, UPS, or other such appropriate carrier.

As always, we remain available for future written inquiries concerning this or other matters.

Sincerely yours,


John R. Spencer
Chief, Firearms Technology Branch

Enclosure

75418

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

.2 **Correspondence Approval and Clearance**

Savage

Since your sample is a "machinegun" as defined and you are a licensed special occupational tax-payer, you will have by the close of business (COB) on the next business day after receipt of this letter to submit an ATF Form 2 registering your device. When you have provided FTB with confirmation of the registration, we will return your sample. Please note, as the device is not presently serialized, we will return it minus the trigger cross pin (which will be shipped separately).

In addition, you will have by COB on the next business day after our return of the ASFS Stock to apply a serial number. Since ATF has consistently specified that the largest component is the portion of the device upon which required markings must be placed when a combination device has to be serialized, all of your markings must be applied to the largest single component of the assembled device to ensure compliance with 27 CFR 479.102.

As always, we remain available for future inquiries concerning this or other matters.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

*Could not find the signed p. 2*

| | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Name | 903050 | 903050 | 903050 | 903050 | | | |
| Date | | | | | | | |



75915

m/cwn.

75918

2011-624-mmK

Scurepe,

AR000152

75918



75918

Savage

AR000153



AR000154

15918



Savage 75918

15918





75918 – (2011-624-MMK) - NOV 23, 2011 – Savage, ▮ – ASFS Stock – **MACHINEGUN.**





AR000156



**U.S. Department of Justice**   766693

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Martinsburg . West Virginia 25405*          903050:AG
*www.atf.gov*                                3311/2012-174

**JAN 1 2 2012**

  Jansen

Dear Mr. Jansen:

This is in reference to your correspondence, dated November 9, 2011, to the Bureau of Alcohol,
Tobacco, Firearms, and Explosives (ATF). Your letter was forwarded to the ATF Firearms
Technology Branch (FTB), Martinsburg, West Virginia, for reply. In your letter, you ask that
ATF (re)classify the SSAR-15 slide-fire stock as a machinegun, and also inquire regarding the
position of ATF on the second amendment to the U.S. Constitution.

Concerning the second amendment, ATF is the primary agency responsible for enforcing the
Federal firearms laws, which are not intended to conflict with this amendment. Our mission is to
prevent terrorism, reduce violent crime, and protect the public. With respect to firearms, ATF
works to take armed, violent offenders off the streets and to ensure criminals and other
prohibited persons do not possess firearms. Further, the stated purpose of the Gun Control Act
(GCA) is as follows:

***PURPOSE***
*Sec. 101. The Congress hereby declares that the purpose of this title is to provide support to
Federal, State, and local law enforcement officials in their fight against crime and violence, and
it is not the purpose of this title to place any undue or unnecessary Federal restrictions or
burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms
appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any
other lawful activity, and that this title is not intended to discourage or eliminate the private
ownership or use of firearms by law abiding citizens for lawful purposes, or provide for the
imposition by Federal regulations of any procedures or requirements other than those
reasonably necessary to implement and effectuate the provisions of this title.*

With regard to the status of the SSAR-15 slide-fire stock, we can inform you that the original
FTB evaluation of this device confirmed that the slide-fire stock attaches to the rear of an AR-15
type rifle which has been fitted with a sliding shoulder-stock type buffer-tube assembly. The
stock has no automatically functioning mechanical parts or springs and performs no automatic
mechanical function when installed. In order to use the installed device, the shooter must apply

76693

███████ Jansen                                    -2-

constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand. Accordingly, we found that the slide-fire stock is a firearm part and is not regulated as a firearm under GCA or the National Firearms Act.

In the interest of refraining from placing any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity, and in the absence of any information that a reclassification of the device in question would prevent terrorism, reduce violent crime, and protect the public, we currently find no reason to revise our classification.

We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

AR000158

85
76693

Jansen                                                   November 9, 2011

[REDACTED]

Bureau of Alcohol, Tobacco, Firearms, and Explosives
99 New York Avenue, NE, Room 5S144
Washington, DC 20226 USA

Dear BATFE,  I am writing to you in response to something that a friend showed me on the internet. This is in regards to a new device that replaces the stock on  an AR- 15 rifle. It is called a "slide stock" sold by Military Gun Supply /Noble Firearms Inc.

I own an AR-15 that is suppressed, and have paid the $200 and have an approved Form 4  ( PG26301 ). I am the son of a now deceased former New York, City Court Judge, and do things by the book.

First let me tell you that I don't believe in Machine-guns. They are dangerous. I am also disabled physically and the only reason for owning a suppressed AR-15 is because I cannot run away if someone breaks into my house and I don't want to go deaf defending myself. Also I hope that just looking at it will scare them away. Especially when I hit the strobe light mounted to it.

This "slide Stock" uses a bump fire method that you have determined is legal, one round fired for one trigger pull. But I have to tell you, from what I have seen on the internet video, this devise goes too far. When you can have full control of a firearm firing at a rate of 600 + rounds per minute. Full control, meaning having a firm grip while it is bump firing, in my opinion is a machine-gun.

I think you need to rule on this device, and ban its use.

My father always told me that the National Firearms Act was unconstitutional due to the reason being that nowhere in the 2nd amendment does it state that "The people have a right to own and bear arms ( mechanically inferior to those arms possessed and used by our enemies both foreign and domestic )".

I would also like your thoughts on that matter.

But please re-rule on this bump fire idea. It now goes to far.

I await your response.

Sincerely,

 Jansen



**76715**

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*NOT M/Gun*



*Martinsburg , West Virginia 25405*    **903050:MRC**
*www.atf.gov*    **3311/2012-196**

_____ Smith    **APR 0 2 2012**

Dear Mr. Smith

This is in reference to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF), Firearms Technology Branch (FTB), requesting FTB to evaluate an
accompanying stock and determine if its design would violate any Federal statutes.

As background information, the National Firearms Act (NFA), 26 U.S.C. Section 5845(b),
defines "**machinegun**" as—

"*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot,
automatically more than one shot, without manual reloading, by a single function of the trigger.
The term shall also include the frame or receiver of any such weapon, any part designed and
intended solely and exclusively, or combination of parts designed and intended, for use in
converting a weapon into a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession or under the control of a
person.*"

The FTB evaluation confirmed that you have submitted a plastic shoulder stock designed to
function on an AR-15 type rifle (see enclosed photos). For your stock to function in the manner
intended, it has to be attached to an AR-15 type platform that is assembled with a collapsible-
stock receiver extension. Along with the shoulder stock, you have submitted what you have
identified as a "receiver module." This module is a plastic block approximately 1-5/16 inches
high, about 1-3/8 inches long, and approximately 7/8-inch wide. Additionally, there are two
extensions, one on each side, that are designed to travel in the two slots configured on the
shoulder stock. The receiver module replaces the AR-15 pistol grip.

Further, the submitted custom shoulder stock incorporates a pistol grip. This grip section has a
cavity for the receiver module to move forward and backward. Additionally, two slots have been
cut for the receiver module extensions to travel in. The upper section of the shoulder stock is
designed to encapsulate the collapsible receiver extension. Further, the custom stock is

AR000160

76715

-2-

 Smith

designed with a "lock pin." When the handle on the lock pin is facing in the 3- to 9-o'clock positions, the stock is fixed and will not move; and when the handle on the lock pin is facing in the 12- to 6-o'clock positions, the stock is movable.

The FTB live-fire testing of the submitted device indicates that if, as a shot is fired, an *intermediate* amount of pressure is applied to the fore-end with the support hand, the shoulder stock device will recoil sufficiently rearward to allow the trigger to mechanically reset. Continued intermediate pressure applied to the fore-end will then push the receiver assembly forward until the trigger re-contacts the shooter's stationary firing hand finger, allowing a subsequent shot to be fired. In this manner, the shooter pulls the firearm forward to fire each shot, the firing of each shot being accomplished by a single trigger function. Further, each subsequent shot depends on the shooter applying the appropriate amount of forward pressure to the fore-end and timing it to contact the trigger finger on the firing hand, while maintaining constant pressure on the trigger itself.

Since your device is incapable of initiating an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted, FTB finds that it is **not a machinegun** as defined under the NFA, 26 U.S.C. 5845(b), or the Gun Control Act, 18 U.S.C. 921(a)(23).

Please be advised that our findings are based on the item as submitted. Any changes to its design features or characteristics **will void** this classification. Further, we caution that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically as described will result in the manufacture of a machinegun as defined in the NFA, 5845(b).

To facilitate the return of your sample, to include the module, please provide FTB with the appropriate FedEx or similar account information within 60 days of receipt of this letter. If their return is not necessary, please fax FTB at 304-616-4301 with authorization to destroy them on your behalf.

We thank you for your inquiry and trust the foregoing has been responsive to your evaluation request.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

76715

-3-

█████ Smith

Custom Alternative Stock for AR-15 type rifle



76715

-4-

███████ Smith

Custom Stock Installed on AR-15 type Rifle





2012-196

Smith,

76715



16 112

2012-196

Smith,

76715

C 11 16

76715 – APR 2, 2012 – Smith,  – Bump Fire Stock & Receiver Module – NOT A MACHINEGUN





*95961*



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*not m/gun*

Martinsburg , West Virginia 25405      **903050:MSK**
www.atf.gov                            **3311/2007-415**

**APR 2 0 2012**

 Stern

Dear Mr. Stern:

This is in reference to your sample, as well as accompanying correspondence, which was
submitted to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF). The sample, consisting of a mounting device designed for use with a
semiautomatic Browning 1919-pattern type firearm, was furnished to FTB with a request for
classification under Federal firearms laws.

As you know, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines the term
"machinegun" as—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot,*
*automatically more than one shot, without manual reloading, by a single function of the trigger.*
*The term shall also include the frame or receiver of any such weapon, any part designed and*
*intended solely and exclusively, or combination of parts designed and intended, for use in*
*converting a weapon into a machinegun, and any combination of parts from which a*
*machinegun can be assembled if such parts are in the possession or under the control of a*
*person.*

Further, ATF Ruling 2006-2 describes a device that is designed and intended to accelerate the
rate of fire of a semiautomatic weapon and classifies it as follows:

*Held, a device (consisting of a block replacing the original manufacturer's V-Block of a Ruger*
*10/22 rifle with two attached rods approximately ¼ inch in diameter and approximately 6 inches*
*in length; a second block, approximately 3 inches long, 1 ⅜ inches wide, and ¼ inch high,*
*machined to allow the two guide rods of the first block to pass through; the second block*
*supporting the guide rods and attached to the stock; using ¼ inch rods; metal washers; rubber*
*and metal bushings; two collars with set screws; one coiled spring; C-clamps; a split ring; the*

AR000167

45161

-2-

███████ Stern

*two blocks assembled together with the composite stock) that is designed to attach to a firearm and, when activated by a single pull of the trigger, initiates an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted, is a machinegun under the NFA, 26 U.S.C. 5845(b), and the ...[Gun Control Act: GCA]... 18 U.S.C. 921(a)(23).*

The submitted device (also see enclosure) incorporates the following features or characteristics:

- A steel mount or cradle which accepts a Browning 1919 type firearm and is designed to be utilized with a standard, M2-type pintle and tripod.
- Two steel pins which secure the firearm to the cradle.
- Four roller assemblies, also secured by the above-mentioned steel pins, which allow the firearm to move laterally within the cradle.
- A trigger bar or trip lever which, when pulled, raises a trip which fires the firearm mounted in the cradle.
- A mount or cradle lacking any operating springs, bands, or other devices which would permit automatic firing.

With respect to your mount/cradle, FTB confirmed that it is designed to allow the Browning 1919 type semiautomatic firearm mounted to it to reciprocate back and forth in a linear motion. The absence of an accelerator spring or similar component in the submitted device prevents it from operating automatically as described in ATF Ruling 2006-2. When operated, forward pressure must be applied by the non-firing hand to the rear portion of the 1919-type firearm mounted in your device, bringing the receiver assembly forward to a point where the trip can contact the trigger of the weapon. If sufficient forward pressure is not applied to the firearm with the non-firing hand, the firearm can be fired in a conventional, semiautomatic manner since the reciprocation of the receiver assembly is eliminated.

The FTB examination of the submitted device indicates that if, as a shot is fired and a *sufficient* amount of pressure is applied to the rear section of the firearm by the shooter's non-firing hand, the Browning, 1919 semiautomatic firearm will come forward until the trigger re-contacts the trip, which is being held in an elevated position by the trigger bar/trip lever manipulated by the shooter's firing hand; this "re-contact" allows a subsequent shot to be fired. In this manner, the shooter pushes the receiver assembly forward to fire each shot, each firing utilizing a single function of the trigger. Letting go of the receiver or trigger bar/trip lever will halt this process.

 Since your device does not initiate an automatic firing cycle by a single function of the trigger, FTB finds that it is NOT a machinegun under the NFA, 26 U.S.C. 5845(b), or the GCA, 18 U.S.C. 921(a)(23).

95461

-3-

█████ Stern

We caution that our findings are based on the item as submitted. Any changes to its design, features, or characteristics will void this classification. Moreover, we should point out that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically as described in Ruling 2006-2 will result in the manufacture of a "machinegun" as defined in the NFA, 26 U.S.C. 5845(b).

Please provide our Branch with a FedEx account number so that we may return your device.

We thank you for your inquiry and trust that the foregoing has been responsive to your evaluation request.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

95961

95961 – 2007-415 – APR 20, 2012 – Stern, ████ – 1919 semi-auto "bump fire" device.









AR000170



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

¹/6600

NOT m/zin

www.atf.gov

903050:AG
3311/2012-081

**JUL 0 9 2012**

████ McElwaney
Saigatechusa/Ramlake, LLC
████████████████

Dear Mr. McElwaney:

This is in reference to your recent submission and accompanying letter to the Firearms
Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), asking
for an evaluation of a replacement shoulder stock for a Saiga-12 type shotgun. Your letter
advises that the stock (referenced in this reply as a "Rapid Fire Stock") is intended to assist
persons with limited mobility to "bump-fire" an AK-type weapon (such as the Saiga-12
shotgun). The submitted Saiga-12 shotgun has been fitted with an AR-15 stock adapter, as well
as a modified, AR-15 type, collapsible stock assembly. The modified assembly incorporates a
trigger finger stop **and** allows the shotgun to slide back and forth, independently of the shoulder
stock and pistol grip.

The FTB evaluation confirmed that the submitted stock (see enclosed photos) has no
automatically functioning mechanical parts or springs and performs no automatic mechanical
function when installed. In order to use the installed device, the shooter must apply constant
forward pressure with the non-shooting hand and constant rearward pressure with the shooting
hand. Accordingly, we find that the "Rapid Fire Stock" is a firearm part and is not regulated as a
firearm under Gun Control Act or the National Firearms Act.

Please note that this determination pertains to the Rapid Fire Stock as received and evaluated by
our Branch. Any changes to the design features or physical characteristics of the Rapid Fire
Stock will void this classification. We thank you for your inquiry and trust that the foregoing has
been responsive to your evaluation request.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

AR000171

-2-

76600

 McElwaney

**Submitted item:**





AR000172

'1662CV

EVAL.
2012-081-AG

**Rapid Fire Stock**

This device assist persons with limited mobility to bumpfire an AK style weapon.

Consist of a sliding buttstock on tube with a finger stop attached to a sliding bearing plate / pistol grip adapter.

There are no springs or automatic function in this design.

The trigger is activated by the finger for each shot and the user must reset the trigger after each shot.

Thank you for your assistance.

Sincerely

▮▮ McElwaney

Saigatechusa / Ramlake LLC

▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮
▮▮▮▮▮

RECEIVED
OCT 2 8 2011
BY: F.T.B.

SAIGA-12
w/ attached bumpfire stock

76600

76600 – JUL 9, 2012 - McElwaney, ■ – RAPID FIRE STOCK – Bump Fire Type Stock – NOT A MACHINEGUN






**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Assistant Director*

Washington, DC 20226
www.atf.gov

JUL 1 3 2012

The Honorable William M. Thornberry
Member of Congress
905 South Fillmore Street, Suite 520
Amarillo, Texas 79101

Dear Congressman Thornberry:

This is in response to your letter dated May 14, 2012, to the Bureau of Alcohol, Tobacco,
Firearms and Explosives (ATF) on behalf of your constituent, ███████ Janes. Your letter states
that Mr. Janes wishes to know the basis for ATF's classification of a device known as a "bump
fire stock." Additionally, he holds the view that the device causes a weapon to shoot
automatically and thus should be regulated as a machinegun. We apologize for the delay in our
response.

The Gun Control Act (GCA) of 1968, 18 U.S.C. Chapter 44, prohibits the transfer and
possession of any machinegun, with exceptions for law enforcement and the military. The term
"machinegun" is defined in the GCA as in Section 5845(b) of the National Firearms Act (NFA).

Additionally, the NFA, 26 U.S.C. Chapter 53, defines the term "firearm" to include a
"machinegun" and defines the term "machinegun" as: "... any weapon which shoots, is designed
to shoot, or can be readily restored to shoot, automatically more than one shot, without manual
reloading, by a single function of the trigger. The term shall also include the frame or receiver of
any such weapon, any part designed and intended solely and exclusively, or combination of parts
designed and intended, for use in converting a weapon into a machinegun, and any combination
of parts from which a machinegun can be assembled if such parts are in the possession or under
the control of a person."

"Bump fire" is not a specific brand or model name of device, but is a general term encompassing
a method of operating a firearm and a number of devices intended to facilitate this method of
operation. This method of operation allows a user to actuate the trigger of a semiautomatic
firearm at an increased speed, so that the firearm seems to replicate the rate of fire associated
with a machinegun.

-2-

The Honorable William M. Thornberry

As indicated in the statutes above, a machinegun is regulated by both the GCA and the NFA. In order to be a machinegun, a weapon or device must be one of the following: 1) a weapon that shoots automatically, i.e., a weapon that shoots more than one shot without manual reloading by a single function of the trigger; 2) a weapon that is designed to shoot automatically; 3) the frame or receiver of any weapon described in item 1; 4) a part or parts designed to convert a weapon to shoot automatically; or 5) a combination of parts from which a machinegun can be assembled.

"Bump stocks" or other bump firing devices would be regulated as machineguns only if they are a part or parts designed to convert a weapon to shoot automatically. Devices that merely assist the user in increasing their rate of fire would generally not be regulated as machineguns. However, devices that require only a single pull of the trigger to initiate an automatic firing sequence would generally be regulated as machineguns. ATF cannot classify a particular device without obtaining a sample and conducting testing. Samples and requests for classification should be submitted to:

Bureau of Alcohol, Tobacco, Firearms and Explosives
Firearms Technology Branch
244 Needy Road
Martinsburg, West Virginia 25401

We hope this information proves helpful in responding to your constituent. Please let me know if we can be of further assistance.

Sincerely yours,

Joe Allen
Acting Assistant Director
Public and Governmental Affairs

May 14 2012  1:52PM                                                    No. 1473   P. 1

MAC THORNBERRY
13TH DISTRICT
TEXAS



**Congress of the United States**
House of Representatives

ARMED SERVICES COMMITTEE

PERMANENT SELECT COMMITTEE
ON INTELLIGENCE

May 14, 2012

Mr. Gregory Rasnake
Chief, Office of Legislative Affairs
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue NE
Mail Stop 5.S-144
Washington, D.C. 20226

Via facsimile: 202-514-4482, two (2) pages

Dear Mr. Rasnake,

I am contacting you on behalf of my constituent ███████ Janes, Amarillo, Texas, requesting the
Bureau of Alcohol, Tobacco, Firearms and Explosives' opinion on "bump fire" stocks. Mr. Janes
feels that since this device makes the firearm fully automatic it should be illegal. He notes that
his local shooting range would not allow someone to shoot a firearm with this device. Enclosed
are copies of all pertinent information.

In accordance with your regulations, any assistance your office provides with this situation
would be greatly appreciated. If you need any more information please contact Paul Simpson in
my Amarillo office.

Thank you in advance for your assistance.

Sincerely,

Mac Thornberry
Member of Congress

WMT/ps

903 SOUTH FILLMORE STREET, SUITE 530
AMARILLO, TX 79101-3541
PHONE: 806-371-8844
FAX: 806-371-7044

2209 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4313
PHONE: 202-225-3706
FAX: 202-225-3486

www.house.gov/thornberry

4245 KEMP BOULEVARD, SUITE 506
WICHITA FALLS, TX 76308-2829
PHONE: 940-692-1762
FAX: 940-692-0539

MAC THORNBERRY
13TH DISTRICT
TEXAS



**Congress of the United States**
House of Representatives

ARMED SERVICES COMMITTEE

PERMANENT SELECT COMMITTEE
ON INTELLIGENCE

May 14, 2012

*18*

*Shirley McKoy*

Mr. Gregory Rasnake
Chief, Office of Legislative Affairs
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue NE
Mail Stop 5.S-144
Washington, D.C. 20226

Via facsimile: 202-514-4482, two (2) pages

*205 -7995*

Dear Mr. Rasnake,

I am contacting you on behalf of my constituent, ███ Janes, Amarillo, Texas, requesting the Bureau of Alcohol, Tobacco, Firearms and Explosives' opinion on "bump fire" stocks. Mr. Janes feels that since this device makes the firearm fully automatic it should be illegal. He notes that his local shooting range would not allow someone to shoot a firearm with this device. Enclosed are copies of all pertinent information.

In accordance with your regulations, any assistance your office provides with this situation would be greatly appreciated. If you need any more information please contact Paul Simpson in my Amarillo office.

Thank you in advance for your assistance.

Sincerely,

Mac Thornberry
Member of Congress

WMT/ps

901 SOUTH FILLMORE STREET, SUITE 570
AMARILLO, TX 79101-3541
PHONE: 806-371-8844
FAX: 806-371-7044

2209 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4313
PHONE: 202 225-3706
FAX: 202 225-3486

www.house.gov/thornberry

4245 KEMP BOULEVARD, SUITE 506
WICHITA FALLS, TX 76308-2870
PHONE: 940-692-1700
FAX: 940-692-0539

AR000178

'll057X



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

NOT M/GUN

*Martinsburg , West Virginia 25405*      903050:MSK
*www.atf gov*                            3311/2012-079

JUL **1 3** 2012

████████ Vesligaj
Phoenix Technology, Ltd.
████████████████████

Dear Mr. Vesligaj:

This is in reference to your sample, as well as accompanying correspondence, which was
submitted to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF). The sample, consisting of a replacement "bump fire" type stock designed for
use with a semiautomatic AK-pattern type rifle, was furnished to FTB with a request for
classification under Federal firearms laws. (As received, the left-side wall of this stock was
cracked.)

As you know, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines the term
"**machinegun**" as—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot,
automatically more than one shot, without manual reloading, by a single function of the trigger.
The term shall also include the frame or receiver of any such weapon, any part designed and
intended solely and exclusively, or combination of parts designed and intended, for use in
converting a weapon into a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession or under the control of a
person.*

Further, ATF Ruling 2006-2 describes a device that is designed and intended to accelerate the
rate of fire of a semiautomatic weapon and classifies it as follows:

*Held, a device (consisting of a block replacing the original manufacturer's V-Block of a Ruger
10/22 rifle with two attached rods approximately ¼ inch in diameter and approximately 6 inches
in length; a second block, approximately 3 inches long, 1 ⅛ inches wide, and ¼ inch high,
machined to allow the two guide rods of the first block to pass through; the second block
supporting the guide rods and attached to the stock; using ¼ inch rods; metal washers; rubber
and metal bushings; two collars with set screws; one coiled spring; C-clamps; a split ring; the*

166598

-2-

████ Vesligaj

*two blocks assembled together with the composite stock) that is designed to attach to a firearm and, when activated by a single pull of the trigger, initiates an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted, is a machinegun under the NFA, 26 U.S.C. 5845(b), and the ...[Gun Control Act: GCA]... 18 U.S.C. 921(a)(23).*

The submitted device (also see enclosure) incorporates the following features or characteristics:

- A plastic block which is designed to be inserted into the rear section of a stamped AK-type receiver and secures the "burst stock" to the remainder of the weapon utilizing the factory tang of the AKM rifle. This block is attached to a pistol-like assembly which reciprocates within a hollow metal buffer-style tube attached to the rear section of your stock.
- A collapsible AR-15 style shoulder stock.
- An attached pistol grip assembly.
- Two screws used to secure your stock to the AKM rifle.
- The stock's lack of any operating springs, bands, or other devices which would permit automatic firing.

Your stock is designed to allow the AKM-type semiautomatic rifle mounted to it to reciprocate back and forth in a linear motion. The absence of an accelerator spring or similar component in the submitted device prevents it from operating automatically as described in ATF Ruling 2006-2. When operated, forward pressure must be applied to the forward handguard/fore-end of the AKM rifle mounted to your stock with the support hand, bringing the receiver assembly forward to a point where the trigger can be pulled by the firing hand. If sufficient forward pressure is not applied to the handguard with the support hand, the rifle can be fired in a conventional semiautomatic manner since the reciprocation of the receiver assembly is eliminated.

The FTB examination of the submitted device indicates that if, as a shot is fired and a *sufficient* amount of pressure is applied to the handguard/gripping surface with the shooter's support hand, the AKM rifle assembly will come forward until the trigger re-contacts the shooter's stationary firing-hand trigger finger, allowing a subsequent shot to be fired. In this manner, the shooter pulls the receiver assembly forward to fire each shot, each shot being fired by a single function of the trigger.

Since your device does not initiate an automatic firing cycle by a single function of the trigger, FTB finds that it is NOT a machinegun under the NFA, 26 U.S.C. 5845(b), or the GCA, 18 U.S.C. 921(a)(23).

16578

-3-

▮▮▮▮▮ Vesligaj

We caution that our findings are based on the item as submitted. Any changes to its design features or characteristics will void this classification. Moreover, we should point out that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically as described in Ruling 2006-2 will result in the manufacture of a machinegun as defined in the NFA, 26 U.S.C. 5845(b).

Please provide our Branch with a FedEx account number so that we may return this item.

We thank you for your inquiry and trust that the foregoing has been responsive to your evaluation request.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure

AR000181

⚠ **MAKE SURE WEAPON IS UNLOADED BEFORE STARTING!!**

Remove existing factory stock from AK.

Remove the two top screws from Phoenix replacement stock.

Insert the stock snuggly into back of stamped receiver.

Install wood screw in front of replacement stock first. Ensure it is snug but not tight.

Install 10-24 screw with included allen wrench and tighten securely

Tighten wood screw.

Adjust length of pull to shooter's comfort.



e stock is ready to be fired in semi-automatic when initially installed. The thumb screw ehind the pistol grip) is engaged into mounting housing.

bump-fire, unscrew the thumb screw to the stop (it will not fall out). Stock is now dy for bump-fire capability.

bump-fire, apply forward pressure to forend with non-shooting hand. Apply essure towards shoulder with shooting hand.



AR000182

11628



RECEIVED
OCT 27 2011
BY: F.T.B.
OCT 2 7 2011
F.T.B.

# Phoenix Technology, Ltd.

ATTN: Chief John Spencer
BATFE Firearm Technology Branch
244 Needy Road
Martinsburg, WV 25405

October 24, 2011

EVAL.
2012-079- MSK

To Whom It May Concern:

Included in the box is a prototype sample of a bump firing stock we have designed for an AK-47 with an AR-15 type tube and stock (not the original AK stock). Our stock is designed for use on AK-47 models with the stamped receivers. A similar design would accommodate the Ruger Mini 14, the Saiga .308, or other firearms that have gas reloading capabilities.

This particular stock will not accommodate the AR-15 rifle due to the fact that the commercial tube is used to reload/return the bolt back to firing position.

Our prototype stock has a 5-position adjustment on buttstock to allow for different lengths of pull. There is a screw located behind the trigger housing which locks the stock firmly together with the rifle for conventional firing operation. Alternatively, the screw can be unscrewed to allow the stock to become a sliding pistol grip to allow bump fire, with the grip sliding in a ½ inch range. The finger rest can be mounted on either side of the trigger housing to accommodate left or right handed shooters.

In order to bump fire, you need to apply pressure to push forend forward, while your shooting hand (holding pistol grip) is pulling against your shoulder.

Detailed instructions on how to assemble onto an AK-47 are on next page. Please find enclosed shipping label to return stock after your review.

We feel this is a nice functional replacement stock, but want to be sure we are not in violation of any federal laws before we pursue it any further. This is a hand-made sample. We appreciate you time and consideration, and look forward to your response. If you have any questions, you may contact me at the address/phone number below, or e-mail me at

Sincerely,



Vesligaj

210 Progress Drive • P.O. Box 249 • Burgaw, NC 28425
Telephone 910-259-6804 • Fax 910-259-6805

AR000183



76598

2012-0519 risk

76598

74598



74598

AR000185



76598



76598