

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Martinsburg, WV 25405*
www.atf.gov

JUN 2 9 2015

907010:WJS
3311/303195

 Dewitt

Dear Mr. Dewitt,

This is in reference to your sample, as well as accompanying correspondence, which was submitted to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), for classification under Federal firearms laws. The sample—which is marked "Chuckbuster"—consists of a replacement "bump-fire" type grip assembly designed for use with a semiautomatic AR- type rifle.

As you know, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines the term **"machinegun"** as—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

The submitted device (see enclosed photos) incorporates the following features or characteristics:

• A plastic, three-piece housing AR-type, replacement grip assembly; that is designed to be installed on an AR-type firearm.

• A "plastic insert" containing a series of grooves to allow linear movement of the "two-piece housing"; which is assembled by three screws; while it is installed to the receiver of an AR-type firearm.

AR000242

 Dewitt                                                          Page 2

• Lack of any operating springs, bands, or other parts which would permit automatic firing.

Your grip is designed to allow the AR-type semiautomatic rifle mounted to it to reciprocate back and forth in a linear motion. The absence of an accelerator spring or similar component in the submitted device prevents it from operating automatically. When operated, forward pressure must be applied with the support hand to the forward handguard/fore-end of the AR-type rifle mounted to your grip, bringing the receiver assembly forward to a point where the trigger can be pulled by the firing hand.

If sufficient forward pressure is not applied to the handguard with the support hand, the rifle can be fired in a conventional manner since the reciprocation of the receiver assembly is eliminated.

The FTISB examination of the submitted device indicates that once a shot is fired—and a sufficient amount of pressure is applied to the handguard/gripping surface with the shooter's support hand—the AR-type rifle assembly moves forward until the trigger re-contacts the shooter's stationary firing-hand trigger finger: This re-contacting allows the firing of a subsequent shot. In this manner, the shooter pulls the receiver assembly forward to fire each shot, each succeeding shot firing with a single trigger function.

FTISB has determined your device does not initiate an automatic firing cycle by a single function of the trigger, when assembled to an AR-type rifle; therefore it is not a "machinegun" as defined in the NFA, 26 U.S.C. 5845(b), or the amended Gun Control Act of 1968, 18 U.S.C. § 921(a)(23).

We caution that our findings are based on the item as submitted. Any changes to its design features or characteristics or assembled to firearms other than described will void this classification. Moreover, we should point out that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically will result in the manufacture of a "machinegun" as defined in the NFA, 5845(b).

We thank you for your inquiry and trust the foregoing has been responsive to your evaluation request.

Sincerely,

Max Kingery
Acting Chief, Firearms Technology Industry Services Branch

Enclosure

"Chuckbuster" Grip Assembly Submitted by Mr. ▮ DeWitt on February 18, 2015

AR000244



AR000245



AR000246





AR000248



303318



U.S. Department of Justice

Bureau of Alcohol, Tobacco,     *NOT m/twn.*
Firearms and Explosives

*Firearms Technology Industry Services Branch*

*Martinsburg, WV*
www.atf.gov

907010:MRC
3311/303318

**JUL 2 4 2015**

 McRoberts

Dear Mr. McRoberts:

This refers to your correspondence, and sample AR-15 and AK type "Bump Fire Grip Devices"
to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Firearms Technology
Industry Services Branch (FTISB), in which you ask the legality of installing this device on
semi-automatic AR-15 and AK type rifles and pistols and inquire if your sample device would be
regulated by the provisions of the Gun Control Act of 1968 (GCA) or the National Firearms Act
(NFA).

As background to your inquiry, we should point out that the amended Gun Control Act of 1968
(GCA), 18 U.S.C. § 921(a)(29), defines "handgun" to include a firearm which has a short stock
and is designed to be held and fired by the use of a single hand....

Additionally, 27 CFR § 478.11, a regulation implementing the GCA, defines "pistol" as ...a
weapon originally designed, made, and intended to fire a projectile (bullet) from one or more
barrels when held in one hand, and having (a) a chamber(s) as an integral part(s) of, or
permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand
and at an angle to and extending below the line of the bore(s)....

Also, 18 U.S.C. § 921(a)(7), defines "rifle" as:

a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder
and designed or redesigned and made or remade to use the energy of an explosive to fire only a
single projectile through a rifled bore for each single pull of the trigger.

Further, the National Firearms Act (NFA), 26 U.S.C. § 5845(a) (5), defines "firearm" to mean:

...any other weapon, as defined in subsection (e);

505518

-2-

 McRoberts

Finally, "Any other weapon (AOW)" is defined under the NFA, 26 U.S.C. § 5845(e), as—

...any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.

Your device works in the following manner:

"To bump fire an AR/AK rifle or pistol with this device you simply put your finger on the left extension rest on the plastic/polymer slide grip and pull forward on the rifle or pistol hand guard with 1-3 pounds more pressure than the weight of the trigger on the rifle. Review of the submitted device indicates that if, as a shot is fired, an intermediate amount of pressure is applied to the handguard with the support hand, and the receiver assembly will recoil rearward far enough to allow the trigger to mechanically reset. Continued intermediate pressure applied to the handguard will then push the receiver assembly forward until the trigger re-contacts the shooter's stationary firing hand finger, allowing a subsequent shot to be fired. In this manner, the shooter pulls the receiver assembly forward to fire each shot, each shot being fired by a single function of the trigger. To fire single shots you have designed a locking button into the grip that when pushed into position, the grip will only function as a standard grip."

Your bump fire grip device consists of the following:

One plastic/polymer center piece that is molded to fit an AR type receiver pistol grip attachment point and has holes for the selector detent spring and pistol grip screw. There is a 12 X 28 inch machine screw for the attachment of the moveable pistol grip. Further, there is a left grip panel and a right grip panel. The left grip panel has the extension to allow the trigger finger to rest upon during bump firing (see attached photo).

The above statues define "handgun" and "pistol" respectively to include "a firearm which has a short stock and is designed to be held and fired by the use of a single hand....", and "...a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand". We must caution you if your "Bump Fire Grip Device" is installed on an AR-15 type pistol, the resulting firearm would no longer be designed to be held and fired by the use of a single hand and as such would no longer meet the definition of a "handgun" or "pistol". The left hand would be required to make the pistol grip bump fire device function instead of being used a support hand. If such a firearm had an overall length less than 26 inches; the result would be a firearm regulated by the NFA, specifically such firearm would be an "Any Other Weapon".

S03318

-3-

███ McRoberts

In summary, your "Bump Fire Grip Device" in and of itself, would not be subject to regulation under federal law. However, if your "Bump Fire Grip Device" were to be installed on or possessed in conjunction with a compatible AR-15 type pistol, the resulting firearm or combination could be classified as an Any Other Weapon (AOW) under the NFA. Should an individual wish to manufacture an NFA firearm upon receipt of an approved ATF Form 1 (5320.1), it would be required to be marked in accordance with Title 26, U.S.C., Chapter 53, section 5842. Finally, the installation of your "Bump Fire Grip Device" on or possession with an AR-15 type rifle would not be a violation of Federal law similarly to the "Slide Fire Device" AR-15 rifle stock.

Your device will be returned to you via your provided UPS shipping label. We thank you for your inquiry and trust the foregoing has been responsive to your concerns.

We thank you for your correspondence and trust the foregoing is responsive to your inquiry.

Sincerely yours,

Max M Kingery
Acting Chief, Firearms Technology Industry Services Branch

Enclosure:

-4-

 McRoberts

AR-15 bump fire device side view



-5-

███████ McRoberts

AR-15 bump fire device internal view



AR000254

-6-

███████ McRoberts

AK bump fire device



-7-

█████ McRoberts

AR-15 bump fire device installed on an M-16 rifle





303318 – JULY 24, 2015 – McRoberts, ███████ – Bump Fire Device – NOT MACHINEGUN







**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

303826

NOT m/gun

_Martinsburg, WV 25405_

www.atf.gov

SEP 1 4 2015

907020:MRC
3311/303826

Ruble

Dear Mr. Ruble:

This refers to your recent correspondence and submission of a physical sample to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), Martinsburg, West Virginia. Specifically, you ask FTISB to evaluate your prototype design and determine its classification under Federal law.

The Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" as follows: "...(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm."

Additionally, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines "machinegun" as—

"...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

You have submitted to FTISB a prototype 3D printed 10/22-style rifle stock. This is a follow-up design from a previous submission (907020:MRC 3311/302558) that FTISB classified as a machinegun.

Your submission consists of the following components:

AR000258

- 2 -

303826

████ Ruble

- Rifle stock/Gun support
- Pivot toggle
- Shuttle link
- Shuttle
- Forward actuator

You provided the prototype shown below:

**Side view**



**Top view**



AR000259

303826

- 3 -

███ Ruble

## Assembled with Ruger 10/22 barreled action



Your prototype is designed in a manner that for firing requires the shooter (if right handed) to grip the forward pistol style grip with their left hand. The right hand will grip the rearward pistol grip requiring that the shooter place his/her trigger finger on the extension incorporated into the grip. The left forefinger will pull the forward actuator rearward causing the 10/22 barreled action to move forward until the Ruger 10/22 trigger contacts the shooters trigger finger and a projectile is expelled from the firearm barrel.

When a shot is fired, an intermediate amount of pressure is applied to the forward actuator with the left hand forefinger, and the barreled action via the shuttle recoils sufficiently rearward to allow the trigger to mechanically reset. Continued intermediate pressure applied to the forward actuator will then pull the receiver assembly forward until the trigger re-contacts the shooter's stationary firing-hand finger, allowing a subsequent shot to be fired. In this manner, the shooter pulls the firearm forward to fire each shot so that the action of firing is accomplished by a single trigger function. Further, each subsequent shot depends on the shooter applying the appropriate amount of forward pressure to the forward actuator and timing it to contact the trigger-finger on the firing hand.

As stated above, the NFA defines machinegun, in relevant part, as "any weapon which shoots...automatically more than one shot, without manual reloading, by a single function of the trigger." ATF has long held that a "single function of the trigger" is a single "pull" or a single "release" of the trigger. Therefore, a firearm that fires a single projectile upon a pull of the trigger and then fires another single projectile upon the release of that trigger would not be classified as a "machinegun" under Federal law.

AR000260

303826

- 4 -

██████ Ruble

Since your device is incapable of initiating an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted, FTISB finds that it is not a machinegun as defined under the NFA, 26 U.S.C. § 5845(b), or the Gun Control Act, 18 U.S.C. § 921(a)(23).

Please be advised that our findings are based on the item as submitted. Any changes to its design features or characteristics will void this classification. Further, we caution that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically as described will result in the manufacture of a machinegun as defined in the NFA, § 5845(b).

To facilitate the return of your sample, please provide FTB with the appropriate FedEx or similar account information within 60 days of receipt of this letter. If their return is not necessary, please fax FTB at (304) 616-4300 with authorization to destroy them on your behalf.

We thank you for your inquiry and trust the foregoing has been responsive to your evaluation request.

Sincerely yours,

Max M. Kingery
Acting Chief, Firearms Technology Industry Services Branch

AR000261

303826

303826, SEPT 14, 2015 - Ruble, ███ - Bump Fire Stock – NOT A MACHINEGUN




AR000262

24011

**U.S. Department of Justice**

BumpFireGRIP

Bureau of Alcohol, Tobacco,
Firearms and Explosives

NOT M/Gun

*Martinsburg, WV 25403*

www.atf.gov

JAN 0 4 2016

907010: RKD
3311/304071

████ Nichols
Slide Fire Solutions
████████████████

Dear Mr. Nichols:

This refers to your correspondence, along with a sample AR-15 pistol-type "Bump fire Grip," to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Firearms Technology Industry Services Branch (FTISB), posing questions regarding the legality of installing this device on an AR-15 type pistol; further, you inquire if your device (photo, page 4), would be subject to the provisions of the amended Gun Control Act of 1968 (GCA) or the National Firearms Act (NFA).

You indicate that this device is a version of your previously ATF approved Slide Fire Solutions bump fire AR-15 type rifle stock, which lacks the buttstock feature and is designed for installation on AR-15 type handguns.

As background to your inquiry, we should point out that the GCA, 18 U.S.C. § 921(a)(29), defines "handgun" to include <u>*a firearm which has a short stock and is designed to be held and fired by the use of a single hand*</u>....

Additionally, 27 CFR § 478.11, a regulation implementing the GCA, defines "pistol" as <u>*a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand,*</u> and having (a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s)....

Also, the GCA, § 921(a)(7), defines "rifle" as follows:

...*a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger.*

Further, the NFA, 26 U.S.C. § 5845(a)(5), defines "firearm" to include—

AR000263

504071

Nichols                                    - 2 -

*...any other weapon, as defined in subsection (e);*

Finally, "Any other weapon (AOW)" is defined under the NFA, § 5845(e), as—

*...any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition."*

The FTISB evaluation found the following details included with the device:

1. *The device includes: a block that replaces the pistol grip while still providing retention for the selector stop spring and plunger; a hollow tube that has a pistol grip molded to it that encapsulates the recoil spring housing, an ambidextrous finger rest that slides over the pistol grip (can be reversed for left or right hand shooters), a locking lever on the bottom of the pistol grip and a second locking lever on the side where the pistol grip and outer tube intersect. The locking lever on the bottom of the pistol grip serves to lock the free movement of the grip assembly when a person does not want to use the bump fire capabilities.*

2. *When installed on an AR-15 type recoil spring housing the collapsed length is approximately 8 inches and when extended has an approximately length of 8.5 inches. Additionally, the bump fire grip is further designed so that a butt stock cannot be installed over it.*

3. *As with the rifle bump fire stock the bump fire pistol grip has no automatically functioning mechanical parts or springs, hydraulics, motors and preforms no automatic mechanical function when installed. When the bump fire pistol grip is installed, the user is still capable of firing the weapon with one hand and incapacitating the bump fire feature.*

4. <u>*In order to use the device as a bump fire grip, the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand.*</u> *The finger rest allows the shooter to keep his trigger finger in the same location to pull the trigger each time the pistol reciprocates in the stock which causes the bump fire sequence.*

Your submission includes a letter from FTISB (dated June 7, 2010) which addressed a similar evaluation request on behalf of *Slide Fire Solutions* for a bump fire stock device for AR-15 type rifles. As you recount, FTISB determined that that device was an unregulated firearms part; and it is your opinion that this device should receive that same classification.

3Q+07/

- 3 -

████ Nichols

While you are correct that FTISB has evaluated devices designed and intended to be installed on AR-15 type rifles that operate on principles similar to this most recent device—and determined that they are not subject to Federal controls—the installation of your "Bump Grip" onto an AR-15 type pistol proves to be problematic when both 18 U.S.C. § 921(a)(29) and 27 CFR § 478.11 are considered.

These statutes define "handgun" and "pistol" respectively to include "a *firearm which has a short stock and is designed to be held and fired by the use of a single hand*...."*and* "...*a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand*." However, your submitted instructions indicate that your "*Bump Fire Grip*," when installed on an AR-15 type pistol, is designed and intended to utilize both hands for firing. Consequently, when your "*Bump Fire Grip*" is installed on an AR-15 type pistol, the resulting firearm, as made, would no longer be designed to be held and fired by the use of a single hand; and, as such, it would no longer meet the definition of a "handgun" or "pistol."

Unlike a rifle, the addition of the submitted device to a handgun changes the classification of the firearm. Your design actually requires the use of a second hand if it is to operate as designed which is confirmed by your statement that in order to use the device as a bump fire grip, "*the shooter must apply constant forward pressure with the non-shooting hand* ...."

In summary, your AR-15 type pistol "*Bump Fire Grip*," in and of itself, would not be subject to regulation under Federal law. However, if this grip were to be installed on or possessed in conjunction with a compatible AR-15 type pistol, the resulting firearm or combination could be classified as an AOW under the NFA because it no longer meets the definition of "handgun" and "pistol".

Should an individual wish to manufacture an NFA firearm upon receipt of an approved ATF Form 1 (5320.1), he or she would be required to mark it in accordance with 26 U.S.C. 5842. Finally, the installation of your "*Bump Fire Grip*" on (or its possession with) an AR-15 type "rifle" or AR-15 type "firearm" having an overall length of 26 inches or greater would not be a violation of Federal law as had been noted in our determination regarding your "*Slide Fire Solutions*" AR-15 type bump fire rifle stock.

In order to return your submitted item, FTISB will require a FedEx account billing number or a pre-printed shipping label to be submitted within 30 days of receipt of this letter.

We thank you for your inquiry and trust the foregoing has been responsive to your concerns. You may contact us at any time if you have any additional questions concerning the matters reviewed in this letter.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

- 4 -

 Nichols

Slide Fire Solutions AR-15 type pistol bump-fire grip assembly.



5040 11



304071 – JAN 04, 2016 – Nichols, ████ – Bump Fire Grip – NOT A MACHINEGUN





AR000267

304581



**U.S. Department of Justice**   304581

Bureau of Alcohol, Tobacco,
Firearms and Explosives


not m/gun

*Martinsburg, WV 25405*

www.atf.gov

907010:BAH
3311/304581

**SEP 2 3 2016**

Bair

Dear Mr. Bair:

This is in reference to your correspondence, with enclosed samples, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB). In your letter, you asked for a classification of a "Bump Fire Assistance Device" as depicted in the accompanying photos. Specifically, you requested a determination if the devices would be regulated by the provisions of the Gun Control Act of 1968 (GCA) or the National Firearms Act (NFA).

As you may be aware, the amended Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" to include: *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive...[and] ...the frame or receiver of any such weapon....*

Also, 27 CFR § 478.11, a regulation implementing the GCA, defines "pistol" as; *...a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand,...*

Also, 18 U.S.C. § 921 (a)(7), defines a "rifle" as; *a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned, made or remade to use the energy of an explosive to fire only a single projectile through a rifled barrel for each single pull of the trigger.*

The NFA defines "firearm" to include... *(5) any other weapon, as defined in subsection (e), ...[and] (6) a machinegun*...(See Title 26 U.S.C. § 5845(a)(5) and (6).)

Additionally, the NFA, 26 U.S.C. § 5845(b), defines "machinegun" to include; *Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.*"

-2-

███████ Bair

Further, the NFA 26 U.S.C. § 5845 (e), defines "any other weapon" as; *any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.*

Finally, the NFA, § 5842, "Identification of firearms," states: (*a*) *Identification of firearms other than destructive devices. - Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the …[Attorney General]… may by regulations prescribe. (b) Firearms without serial number. - Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the …[Attorney General]… and any other information the…[latter]… may by regulations prescribe.*

The FTISB evaluation revealed that the submitted components, depicted below, incorporate the following physical characteristics:

**Submission 1:** A one-piece, three-dimensionally printed device which is designed to clip onto the trigger guard of an AR-15 type rifle.



-3-

 Bair

 

**Submission 2:** A two-piece, three-dimensionally printed, device which is designed to pin on to the trigger guard of a rifle with a curved trigger guard such as a Ruger 10-22.

 

 

You explain that your device works by putting forward pressure on the forend of the rifle while maintaining pressure on the trigger.

We caution that if your "Bump Fire Assistance Device" is installed on a pistol, the resulting firearm would no longer be designed to be held and fired by the use of a single hand and as such would no longer meet the definition of a "handgun" or "pistol."

304581

-4-

███████ Bair

In summary, your "Bump Fire Assistance Device," in and of itself, would not be subject to regulation under federal law. However, if your "Bump Fire Assistance Device" were to be installed on, or possessed in conjunction with, a compatible type pistol, the resulting firearm or combination could be classified as an Any Other Weapon (AOW) under the NFA.

Should an individual wish to manufacture an NFA firearm upon receipt of an approved ATF Form 1 (5320.1), it would be required to be marked in accordance with Title 26, U.S.C., Chapter 53, section 5842.

Finally, the installation of your "Bump Fire Assistance Device" on, or possession of it with, a compatible rifle would not be in violation of Federal Law.

We should remind you that the information found in correspondence from FTISB is intended only for use by the addressed individual or company with regard to a specific scenario(s) or item(s) described within that correspondence.

We recommend you communicate to the purchasers of the subject accessories to ensure a firearm assembled utilizing these devices does not violate any State laws or local ordinances where they reside.

We caution that these findings are based on the samples as submitted. If the design, dimensions, configuration, method of operation, or materials used were changed, our determination would be subject to review.

The submitted samples will be returned to you under separate cover.

We trust that the foregoing has been responsive to your request for an evaluation. If we can be of any further assistance, please contact us.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

302683



**U.S. Department of Justice**

**Bureau of Alcohol, Tobacco,**
**Firearms and Explosives**    not a m/gu,

*Firearms Technology Industry Services Branch*

*Martinsburg, WI*
*www.atf.gov*

**NOV 1 8 2016**          907010:CJT
                         3311/302683

    Troncoso

Dear Mr. Troncoso:

This refers to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), which accompanied your submitted sample of one "Action-Grip" device. Specifically, you requested an evaluation and classification of the sample as it pertains to the Gun Control Act (GCA) of 1968, 18 U.S.C. § 921(a)(3) and National Firearms Act (NFA), 26 U.S.C. § 5845(a)(5).

As background, the amended Gun Control Act of 1968, 18 U.S.C. § 921(a)(3), defines the term "firearm" to include *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive...[and] ...the frame or receiver of any such weapon....*

Also, with respect to the definitions of "handgun" and "pistol" under Federal statutes and regulations, you may be aware that the GCA, 18 U.S.C. § 921(a)(29), defines "handgun" to mean, in part: *...a firearm which has a short stock and is designed to be held and fired by the use of a single hand....*

Additionally, 27 CFR § 479.11, a regulation implementing the NFA, defines "pistol" as *...a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having (a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s).*

Further, the NFA, 26 U.S.C. § 5845(a), defines the term "firearm" to include *...(5) any other weapon, as defined in subsection (e)....*

502683

-2-

**Troncoso**

Finally, the NFA, 26 U.S.C. § 5845(e), defines *"any other weapon"* as:

*...any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and any such weapon which may be readily restored to fire. Such term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.*

FTISB has found that the submitted sample, in and of itself, is not a "firearm" as defined in 18 U.S.C § 921 (a)(3).

FTISB test fired the device with a Glock 34 by pushing the pistol forward and holding the Action-Grip in place the pistol fired by bump-fire. However, as the Action-Grip has a handle that is designed to be gripped by one hand, attaching it to a pistol would create a weapon that is designed to be gripped by two hands. This would only be lawful if the combined length of the pistol with the Action-Grip attached was 26 inches or longer. Therefore, attaching the Action-Grip to a pistol whose overall length with the Action-Grip attached is less than 26 inches would result in the firearm being classified as an "any other weapon" (AOW) as defined in the NFA, 26 U.S.C. § 5845(e).



302683

-3-

███████ Troncoso

Individuals desiring to manufacture a firearm subject to NFA provisions (machineguns excepted) must first submit and secure approval of an ATF Form 1, *Application to Make and Register a Firearm*, and pay the applicable $200 making tax. To reiterate, the making of an AOW by an individual, prior to receiving approval from the NFA Branch, would be unlawful.

We caution that these findings are based on the sample as submitted. If the design, dimensions, configuration, method of operation, or materials used are changed, our determinations would be subject to review.

To facilitate return of the submitted sample, please provide FTISB with an appropriate FedEx or similar shipping label within 60 days.

We thank you for your inquiry and trust the foregoing has been responsive to your evaluation request.

Sincerely yours,

*[signature]*

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

AR000274



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives



*Firearms Technology Industry Services Branch*

*Martinsburg, WV*

www.atf.gov

**APR 0 6 2017**

907010:CJT *pcl*
3311/304609

 Wolff

Dear Mr. Wolff:

This refers to your correspondence, and sample AR15-type "Bump Fire Stock" to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), in which you ask for a review of your sample device and if it would be regulated by the provisions of the Gun Control Act of 1968 (GCA) or the National Firearms Act (NFA).

As background to our evaluation, the amended Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" to include *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive...[and] ...the frame or receiver of any such weapon....*

Further, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines "machinegun" to mean—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

Your bump fire grip device consists of the following:

One AR-style pistol grip that it attached to and adjustable buttstock by a flat metal bar bent to contour to the buttstock. The pistol grip has two plastic pieces attached by small screws, one is the extension for resting your finger on while firing and the other is a shield to prevent the pistol grip from pinching the grip fingers of the firing hand.

AR000275

304607

-2-

██████████ **Wolff**

Your stock is designed to allow an AR-type semiautomatic rifle mounted to it to reciprocate back and forth in a linear motion. The absence of an accelerator spring or similar component in the submitted device prevents it from operating automatically. When operated, forward pressure must be applied with the support hand to the forward handguard/fore-end of the AR-type rifle mounted to your stock, bringing the receiver assembly forward to a point where the trigger can be pulled by the firing hand. If sufficient forward pressure is not applied to the handguard with the support hand, the rifle can be fired in a conventional, semiautomatic manner since the reciprocation of the receiver assembly is eliminated.

The FTISB examination of the submitted device indicates that if as a shot is fired—and a *sufficient* amount of pressure is applied to the handguard/gripping surface with the shooter's support hand—the AR-type rifle assembly will come forward until the trigger re-contacts the shooter's stationary firing-hand trigger finger. Re-contacting allows the firing of a subsequent shot. In this manner, the shooter pulls the receiver assembly forward to fire each shot, each succeeding shot firing with a single trigger function.

Since your device does not initiate an automatic firing cycle by a single function of the trigger, FTISB finds that it is NOT a machinegun under the NFA, 26 U.S.C. § 5845(b), or the amended GCA, 18 U.S.C. § 921(a)(23).

We caution that our findings are based on the item as submitted. Any changes to its design features or characteristics will void this classification. Moreover, we should point out that the addition of an accelerator spring or any other non-manual source of energy which allows this device to operate automatically will result in the manufacture of a "machinegun" as defined in the NFA, 5845(b).



Submitted device

-3-

3646 09

▮▮▮▮▮▮▮  Wolff



Your device will be returned to you via your provided UPS shipping label.

We thank you for your inquiry and trust the foregoing is responsive to your request.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

304609

304609 – APR 6, 2017 – Wolff, ▮ / Bump Fire Stock – NOT A MACHINEGUN







AR000278



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Firearms Technology Industry Services Branch*

Martinsburg, WV
www.atf.gov

**JAN 1 2 2018**

907010:WJS
3311/302192a

 Marcotte

Dear Mr. Marcotte:

This refers to correspondence from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB) (FTB letter #302192), which described your submitted sample of a device designed to accept an AR-type firearm. Specifically, this letter is address the BAM Simulator and its' classification with regard to the Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA).

It has come to the attention of FTISB, based on evaluations of devices submitted to our office as "bump-fire" devices that certain devices while marketed as "bump-fire devices" are in fact parts or combinations of parts designed to convert weapons into machineguns and thus "machineguns as defined in the National Firearms At of 1934. As a result, a review of findings and conclusions of your previously submitted BAMS Simulator was performed.

As background, the GCA, 18 U.S.C. § 921(a)(3), defines the term **"firearm"** to include "...*any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive...[and]...the frame or receiver of any such weapon...*"

The GCA, 18 U.S.C. § 921(a)(23), defines the term **"machinegun"** as...

*"The term "machinegun" has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))."*

Further, the NFA, 26 U.S.C. § 5845(a), defines the term **"firearm"** to include ...*(6) a machinegun.*

AR000279

-2-

 Marcotte

Additionally, the NFA, 26 U.S.C. § 5845(b), defines "**machinegun**" to mean:

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, <u>automatically more than one shot, without manual reloading, by a single function of the trigger</u>. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or <u>combination of parts designed and intended, for use in converting a weapon into a machinegun</u>, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

The BAMS Simulator device incorporates the following features or characteristics:

* A non-ferrous metal frame; measuring approximately 22-1/2 inches in length, approximately 5 inches in width and approximately 2 inches in height.
* A piece of polymer, measuring approximately 6 inches square and approximately 1 inch thick; attached to the rear of the BAM Simulator frame by two bolts; which has a hole configured to accept an AR-type buffer tube assembly.
* A piece of polymer, measuring approximately 6 inches long, approximately 4 inches in width and 2 inches in height incorporating a linearly centrally located dovetailed groove which is designed to accept a compatible Weaver-type rail attachment.
* The submitted item is devoid of any operating springs, bands, or other devices which would permit automatic firing.

Your item is designed to allow the AR-type semiautomatic rifle mounted to it and to reciprocate back and forth in a linear motion utilizing a push by the shooter and a recoil by the firearm as opposing forces. To operate, forward pressure must be applied to the rear of the buffer tube, pushing the host firearm forward to a point where the traditional AR-type trigger can be actuated by a steel cross-bolt. If sufficient forward pressure is not applied to the rear of the subject buffer tube, the firearm can be fired in a conventional semiautomatic manner since the reciprocation of the firearm is eliminated.

The FTISB examination of the submitted device indicates that if, after a shot is fired a sufficient amount of pressure is maintained on the rear of the buffer tube; the AR-type rifle assembly will again come forward until the traditional AR-type trigger re-contacts the steel cross-bolt, allowing a subsequent shot to be fired.

The "device" incorporates a redesign of how a traditional AR-type firearm operates. The device incorporates a traditional AR-type trigger and is engaged by the cross-bolt installed in front of it, while the device utilizes the buffer tube as its trigger. Federal courts have held that a trigger is "a mechanism used to initiate a firing sequence". <u>U.S. v. Fleischi</u>, 305 F. 3d 643 (7th Cir. 2002). Therefore, the part commonly called a "trigger" may not be the actual trigger when a firearm is incorporated into another device. As a result, when examining the device for "machinegun" function, it is this redesigned trigger that must be examined.

-3-

 Marcotte

FTISB personnel determined that a host AR-type firearm is designed to fire by pushing forward on the buffer tube (which therefore functions as the trigger in this case). The weapon would fire multiple shots for as long as pressure was applied, that is, as long as the shooter does not release pressure.

 In this case, the user is not resetting the trigger through "bump-fire," as concluded in FTB letter #302192, but is in fact firing <u>more than one shot by a single function of the trigger</u>, in that a single push results in the firing of more than one round.  Additionally, the device functions automatically in that shooter input *does not* reset the trigger as in traditional bump-fire devices. Instead, the device itself allows automatic functioning in which the shooter is required only to engage the trigger. Therefore, the BAMS Simulator is a "*combination of parts designed and intended, for use in converting a weapon into a machinegun.*"

Consequently, the previously evaluated **BAMS Simulator** device is a **"machinegun"** as defined in the NFA. It is also a **"firearm"** as defined in the GCA, and is subject to all its provisions. Further, since May 19th, 1986, the GCA permits only properly licensed manufacturers and importers to register new machineguns; private, unlicensed individuals may not do so.

An un-registered machinegun is a contraband firearm, and possession of such a weapon is unlawful. Since the submitted firearm is not registered in accordance with the provisions of the NFA, it is contraband and unlawful for you to possess.

Please be aware, FTISB is obliged to request the forfeiture or abandonment of the un-registered "BAMS Simulator" to your local ATF office. If you believe that our determination is in error, you have the opportunity to file a claim. As the findings of this letter is not consistent with previous findings regarding the subject device, FTB letter #302192 is here by rescinded.

We trust that the foregoing has been responsive. If we can be of any further assistance, you may contact us at any time.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

# BAMS Simulator, Submitted 4/28/14 by Mr. ▮▮▮▮ Marcotte



AR000282

# Rear Portion Which Houses the AR-Type Buffer Tube



AR000283

# Reciprocating Weaver Style Attachment Installed in Dovetailed Groove



AR000284

# Weaver Style Attachment



AR000285

# BAMS Simulator Cross-Bolt



AR000286

# BAMS Simulator with NFC AR-Type Firearm Installed



AR000287



NFC Firearm in Pre-Fire Location

AR000288





NFC Firearm Making Contact With Cross-Bolt; With Pressure Applied to the Rear of Buffer Tube

AR000289



— Stock/Chassis type
— M/Gun Classification

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives    *306032*

*Firearms Technology Industry Services Branch*

*Martinsburg, WV*

www atf.gov



**JAN 1 9 2018**

907010:DLH
3311/306032

Shuhart III

Dear Mr. Shuhart:

This refers to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), which accompanied your submitted sample of an AR-type firearm mounted in a "device" incorporating a spade grip. Specifically, you requested an examination and classification of this sample with regard to the amended Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA).

As background, the GCA, 18 U.S.C. § 921(a)(3), defines the term **"firearm"** to include "...*any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive...[and]...the frame or receiver of any such weapon...*"

The GCA, 18 U.S.C. § 921(a)(23), defines the term **"machinegun"** as...

*"The term "machinegun" has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))."*

Further, the NFA, 26 U.S.C. § 5845(a), defines the term **"firearm"** to include ...*(6) a machinegun.*

Additionally, the NFA, 26 U.S.C. § 5845(b), defines **"machinegun"** to mean:

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, <u>automatically more than one shot, without manual reloading, by a single function of the trigger</u>. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or <u>combination of parts designed and intended, for use in converting a weapon into a machinegun</u>, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

-2-

 Shuhart III



The physical characteristics and identity of the submitted sample are provided below, along with a description of the markings:



- No buttstock.
- Cut-down pistol grip.
- Fires from the closed-bolt position.
- Magazine-fed.
- Fired utilizing spade grip assembly.

**Markings:**

**Left side of magazine well:**



- HEBRON, KY
- AM-15
- MULTI CAL
- 16099132

**On top of barrel:**

- 5.56 NATO
- 1:7 H-BAR
- PSA

**The selector markings on the left side of the receiver:**

- SAFE
- SEMI

AR000291

-3-

███████ Shuhart III

30c032

Your submitted "device" is a mount for a modified AR-type firearm which can be used with a tripod, bipod, shooting rest or barricade. The "device" was submitted to FTISB with a tripod mount and a traverse and elevation (T&E) mechanism. The "device" allows the use of spade grips, redesigning the weapon to fire by using the buffer tube as the trigger in place of the traditional AR-type trigger.

The device incorporates an AR-type rifle which has been modified in the following ways:

- Gas port on the barrel has been enlarged to 0.078 inches.
- Pistol grip cut down to allow room for attachment of T&E mechanism.
- Side charging bolt carrier and upper assembly installed.
- Ambidextrous sling mount installed to attach "safety springs."
- Buttstock removed and rubber cap installed onto back of buffer tube.

The "device" has a pair of rollers (see attached photographs), the first in front of the trigger and the second below the trigger guard. The first roller engages the traditional trigger of the AR-type firearm when a user fires the weapon by pushing forward on the buffer tube. The second roller simply holds the AR-type firearm in line, allowing it to roll back and forth during the firing sequence.

Additionally, the "device" incorporates a pair of "safety springs," connected from the installed dual sling mount to the spade grip attachment. These springs *attempt* to prevent the AR-type firearm from slamming forward into the traditional trigger when the weapon is charged using the side-cocking bolt carrier. However, several unintentional discharges occurred when chambering the weapon while the selector was not in the safe position. With the springs disconnected, unintentional weapon discharges occurred consistently each time the weapon was charged and the selector not in safe position.

You stated that the springs do not affect the operation of the "device" in any way, they only act as a safety mechanism. The FTISB examination found this to be a correct statement, as the "device" was tested with and without the springs attached, and operated in the identical manner.

The "device" incorporates a redesign of how a traditional AR-type firearm operates. The traditional AR-type trigger is engaged by the roller installed in front of it, while the device utilizes the buffer tube as its trigger. Therefore, when examining the device for "machinegun" function, it is this redesigned trigger that must be examined.

In your correspondence, you state:

*"To fire the device, grab the spade grips with both hands, and press on the rubber pad (which is affixed to the buffer tube) with one or both thumbs. You can press and release for a single shot, or repeatedly press forward for multiple shots."*

-4-

306032

████████ Shuhart III

FTISB found that by pushing forward on the buffer tube (which functions as the trigger in this case), the weapon would fire multiple shots for as long as pressure was applied, that is, as long as the shooter does not release pressure. In this case, the user is not resetting the trigger through "bump-fire," but is in fact firing more than one shot by a single function of the trigger, in that a single constant, steady push results in the firing of more than one round. Additionally, the device functions automatically in that shooter performs no other action to reset the trigger – the device uses the recoil of the firearm for this purpose. Therefore, the "device" is a "*combination of parts designed and intended, for use in converting a weapon into a machinegun.*"

Consequently, the submitted device is a **"machinegun"** as defined in the NFA. It is also a **"firearm"** as defined in the NFA, and is subject to all NFA provisions.

Further, since May 19th, 1986, the GCA 18 U.S.C. § 922(o) permits only properly licensed manufacturers and importers to register new machineguns; private, unlicensed individuals may not do so.

An unregistered machinegun is a contraband firearm, and possession of such a weapon is unlawful. Since the submitted firearm is not registered in accordance with the provisions of the NFA, it cannot be returned to you.

Instead, FTISB is obliged to request forfeiture of the unregistered "device" you have submitted. If you believe that our determination is in error, you have the opportunity to file a claim. You also have the opportunity, alternatively, to abandon the item to ATF.

To facilitate the return of the AR-type firearm, tripod, and T&E mechanism, please provide FTISB with an appropriate FedEx or similar return shipping label. For your convenience, this can be emailed to fire_tech@atf.gov and should reference #306032. Please provide the return shipping label within 60 days of receipt of this letter or the samples will be considered abandoned and disposed of in accordance with the needs of the Federal Government.

We trust that the foregoing has been responsive to your request. If we can be of any further assistance, you may contact us at any time.

Sincerely yours,

AK

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch

Enclosures



Submitted "device"





3a6032

Submitted "device"



30603

Submitted "device"



306032

Submitted "device"

AR000297



Trigger
of the
"device"

306032

Spade grip assembly

AR000298



Side-charging bolt carrier and upper assembly

3C6032



Roller in
front of
traditional
trigger

Redesigned fire control system

306032



Roller in front of traditional trigger

Redesigned fire control system

306032

AR000301



"Safety springs"

3d6032



"Safety springs"

306032

AR000303



Disassembled "device" components

306032



Placement of two rollers

