**To:** Allen, Joseph J <span style="background:black"> </span>
**From:** Pellettiere, Christopher A.
**Sent:** Fri 10/6/2017 6:38:41 PM
**Subject:** Bump Stocks and NFORCE
Bump Stock Research from NFORCE Oct 6 2017.xlsx

Joe:

I went ahead and did some queries on the bump stock issue. I found 123 distinct cases that will need to be researched to confirm the query. The attached shows search terms used, results compiled in a de-duplicated master list, individual sheets for each search term, "bump stock" property in ATF custody, and all cases, defendants, charges and their judicial status in cases where some form of bump stock was mentioned.

Let me know if you need anything else.

Chris Pellettiere
Chief, Office of Strategic Management
O: 202-648-7425
C: <span style="background:black"> </span>
ATF HQ Room 5 E 407

 PROTECTING THE PUBLIC
SERVING OUR NATION

| Search Terms | |
|---|---|
| On 10/6/17 all NFORCE Reports of Investigation were searched for the following terms: | |
| bump fire | see worksheet |
| bump fire systems | negative |
| bump stock | see worksheet |
| bumpfiresystems | negative |
| slide fire | see worksheet |
| slide fire stock | see worksheet |
| slidefire | see worksheet |
| slidefire.com | negative |
| slidefiresolutions | negative |
| | |
| On 10/6/17 all NFORCE property in ATF Custody was searched for the following terms: | |
| bump | See Evidence in ATF Custody |
| slide fire | See Evidence in ATF Custody |
| slidefire | See Evidence in ATF Custody |

AR000669

| CaseNumber | OpenDate | CloseDate |
|---|---|---|
| 168012-16-0001 | 6/27/2016 | 11/10/2016 |
| 760510-17-0036 | 4/5/2017 | |
| 760525-15-0011 | 12/3/2014 | 9/17/2015 |
| 760525-15-0022 | 3/26/2015 | |
| 760540-13-0034 | 1/23/2013 | 5/9/2017 |
| 760540-13-0063 | 4/30/2013 | 11/14/2013 |
| 761015-13-0079 | 6/27/2013 | 10/28/2014 |
| 762045-11-0052 | 9/20/2011 | 6/8/2015 |
| 762050-13-0037 | 7/16/2013 | 3/18/2014 |
| 763055-12-0016 | 10/24/2011 | 1/18/2017 |
| 763055-14-0035 | 6/16/2014 | 2/11/2015 |
| 763055-16-0077 | 4/9/2016 | |
| 763056-14-0012 | 3/7/2014 | 4/10/2017 |
| 763065-13-0006 | 6/24/2013 | |
| 763070-14-0084 | 6/30/2014 | |
| 764040-17-0028 | 2/9/2017 | |
| 764055-15-0013 | 12/12/2014 | |
| 765045-16-0041 | 9/19/2016 | |
| 766080-16-0008 | 10/16/2015 | |
| 767010-15-0032 | 4/14/2015 | 2/6/2017 |
| 767015-14-0006 | 10/9/2013 | |
| 767020-15-0018 | 12/3/2014 | 7/6/2015 |
| 767030-12-0051 | 5/14/2012 | 1/26/2015 |
| 767040-13-0001 | 7/12/2013 | 7/17/2013 |
| 767045-13-0094 | 5/16/2013 | 10/18/2016 |
| 767045-14-0051 | 3/5/2014 | 3/24/2014 |
| 767045-14-0061 | 4/7/2014 | 11/20/2014 |
| 768025-15-0043 | 3/25/2015 | |
| 768045-14-0023 | 9/2/2014 | |
| 771040-10-0081 | 8/19/2010 | 11/29/2016 |
| 772020-11-0079 | 9/2/2011 | 11/9/2015 |
| 773011-15-0021 | 6/26/2015 | |
| 773020-12-0065 | 7/16/2012 | 6/25/2014 |
| 773020-15-0029 | 12/17/2014 | 8/24/2015 |
| 773025-11-0024 | 1/21/2011 | 9/18/2011 |
| 773045-12-0020 | 11/18/2011 | 8/20/2012 |
| 773050-11-0019 | 1/10/2011 | 10/7/2016 |
| 773060-13-0001 | 1/30/2013 | 8/28/2013 |
| 774040-04-0001 | 11/24/2003 | 3/8/2004 |
| 775010-07-0016 | 1/11/2007 | 1/6/2012 |
| 775015-15-0032 | 2/25/2015 | |
| 775016-12-0034 | 8/20/2012 | 7/9/2016 |
| 775016-16-0013 | 2/19/2016 | |
| 775070-14-0043 | 4/3/2014 | 8/12/2014 |

AR000670



| CaseStatus | restricted | |
|---|---|---|
| CLOSED | NO | slide fire stock |
| OPEN | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump stock |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | slide fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| CLOSED | NO | bump stock |
| OPEN | NO | bump fire |
| OPEN | NO | bump stock |
| OPEN | NO | bump stock |
| OPEN | NO | slide fire |
| OPEN | NO | bump fire |
| OPEN | NO | bump stock |
| CLOSED | NO | bump stock |
| OPEN | YES | slide fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | slide fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | slide fire stock |
| OPEN | NO | bump stock |
| OPEN | NO | slide fire |
| CLOSED | NO | slide fire stock |
| CLOSED | YES | bump fire |
| OPEN | NO | bump fire |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | slide fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| CLOSED | NO | bump stock |
| OPEN | NO | bump stock |
| CLOSED | NO | slide fire stock |

AR000672

| | | |
|---|---|---|
| 775070-14-0063 | 8/15/2014 | 2/13/2017 |
| 775075-14-0031 | 7/14/2014 | 7/15/2014 |
| 776010-16-0075 | 4/7/2016 | |
| 776025-10-0120 | 9/27/2010 | 4/9/2014 |
| 776025-12-0003 | 10/3/2011 | 7/24/2015 |
| 776030-15-0024 | 2/19/2015 | 2/14/2017 |
| 776045-09-0033 | 1/29/2009 | 10/23/2009 |
| 776045-15-0082 | 8/28/2015 | |
| 776045-16-0142 | 9/26/2016 | |
| 776075-16-0001 | 2/10/2016 | |
| 777010-15-0087 | 9/16/2015 | |
| 777015-07-0020 | 12/5/2006 | |
| 777025-13-0073 | 1/24/2013 | 5/17/2013 |
| 777030-16-0001 | 12/9/2015 | 3/7/2016 |
| 777035-17-0050 | 7/31/2017 | |
| 777055-13-0001 | 7/16/2013 | 2/25/2015 |
| 778050-15-0026 | 1/16/2015 | 6/6/2017 |
| 778070-08-0015 | 12/7/2007 | 2/20/2008 |
| 779010-06-0153 | 5/16/2006 | 9/19/2011 |
| 779010-09-0001 | 1/5/2009 | 2/4/2009 |
| 779010-15-0029 | 1/15/2015 | 5/5/2016 |
| 779010-16-0051 | 1/29/2016 | |
| 779010-16-0089 | 6/14/2016 | |
| 779045-09-0002 | 2/9/2009 | 2/20/2009 |
| 779050-17-0003 | 9/19/2016 | 4/20/2017 |
| 781035-12-0120 | 9/24/2012 | 6/25/2014 |
| 781040-12-0055 | 2/6/2012 | 9/9/2013 |
| 781040-12-0062 | 2/15/2012 | 4/9/2013 |
| 781040-17-0017 | 10/27/2016 | |
| 781070-14-0023 | 3/21/2014 | |
| 781070-16-0113 | 9/28/2016 | |
| 781070-17-0005 | 10/14/2016 | |
| 781115-14-0026 | 2/3/2014 | 12/1/2014 |
| 781120-13-0042 | 6/3/2013 | 10/25/2013 |
| 781120-14-0016 | 11/18/2013 | 1/20/2017 |
| 781120-15-0001 | 12/16/2014 | 3/11/2015 |
| 781120-15-0019 | 1/20/2015 | 6/8/2016 |
| 781120-15-0054 | 5/29/2015 | 3/21/2017 |
| 782010-09-0146 | 9/9/2009 | 9/17/2010 |
| 782010-12-0123 | 8/28/2012 | 2/25/2013 |
| 782015-12-0001 | 6/8/2012 | 6/25/2012 |
| 782040-13-0005 | 12/12/2012 | 2/22/2016 |
| 782055-12-0057 | 9/18/2012 | 1/27/2017 |
| 782080-11-0046 | 5/20/2011 | 6/22/2015 |
| 782080-13-0037 | 3/18/2013 | 6/19/2013 |

AR000673

| |
|---|
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| A1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| A1 |
| A1 |
| A1 |
| G1 |
| G1 |
| A2 |
| A1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| A1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |
| G1 |

AR000674

| | | |
|---|---|---|
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | slide fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| OPEN | NO | bump stock |
| OPEN | NO | slide fire stock |
| OPEN | NO | bump stock |
| OPEN | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | slidefire |
| OPEN | NO | slide fire |
| OPEN | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | slide fire |
| CLOSED | NO | slide fire stock |
| OPEN | NO | slide fire stock |
| OPEN | NO | bump stock |
| OPEN | NO | bump stock |
| OPEN | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | bump fire |
| CLOSED | NO | slide fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | slide fire stock |
| CLOSED | NO | bump stock |
| CLOSED | NO | bump stock |
| CLOSED | NO | slide fire |
| CLOSED | NO | bump fire |

AR000675

| | | |
|---|---|---|
| 782085-15-0001 | 10/7/2014 | 3/14/2016 |
| 782095-15-0015 | 3/9/2015 | |
| 782095-16-0001 | 2/16/2016 | 7/13/2016 |
| 782095-16-0030 | 3/3/2016 | 7/7/2017 |
| 782120-14-0017 | 3/7/2014 | 5/29/2015 |
| 784045-16-0003 | 10/1/2015 | |
| 784055-15-0014 | 4/20/2015 | |
| 784065-16-0003 | 10/9/2015 | |
| 784075-15-0024 | 7/10/2015 | |
| 784090-14-0009 | 1/29/2014 | |
| 784090-17-0017 | 3/10/2017 | |
| 785045-09-0017 | 11/3/2008 | 4/20/2009 |
| 785045-15-0005 | 10/17/2014 | 5/31/2016 |
| 785065-16-0004 | 10/6/2015 | |
| 785065-16-0027 | 6/22/2016 | |
| 785081-12-0001 | 2/13/2012 | 4/30/2012 |
| 785120-14-0065 | 5/28/2014 | |
| 785121-13-0022 | 4/3/2013 | 5/17/2017 |
| 786025-16-0008 | 12/2/2015 | |
| 786035-11-0058 | 7/7/2011 | |
| 787015-13-0085 | 6/26/2013 | 4/14/2014 |
| 787015-15-0080 | 6/25/2015 | |
| 787035-12-0073 | 3/12/2012 | |
| 787035-16-0001 | 7/14/2016 | 8/1/2016 |
| 787060-14-0020 | 1/29/2014 | |
| 787060-15-0035 | 4/20/2015 | |
| 787085-13-0014 | 6/21/2013 | 7/24/2017 |
| 788010-15-0105 | 7/16/2015 | |
| 788015-17-0038 | 2/2/2017 | |
| 788030-10-0001 | 8/12/2010 | 8/8/2011 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AR000676

| | | |
|---|---|---|
| | | G1 |
| | | G1 |
| unty | | A2 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | A1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | G1 |
| | | A1 |

| | | |
|---|---|---|
| CLOSED | NO | slide fire stock |
| OPEN | NO | slide fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump stock |
| CLOSED | NO | slidefire |
| OPEN | NO | slide fire stock |
| OPEN | NO | bump stock |
| OPEN | NO | bump fire |
| OPEN | NO | bump fire |
| OPEN | NO | slidefire |
| OPEN | NO | bump fire |
| CLOSED | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| OPEN | NO | slidefire |
| CLOSED | NO | bump stock |
| OPEN | NO | bump fire |
| CLOSED | NO | slide fire |
| OPEN | NO | bump stock |
| OPEN | NO | bump fire |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| OPEN | NO | slide fire stock |
| CLOSED | NO | bump fire |
| OPEN | NO | bump fire |
| OPEN | NO | bump stock |
| CLOSED | NO | bump fire |
| OPEN | YES | slide fire stock |
| OPEN | NO | slidefire |
| CLOSED | NO | bump fire |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Charges Recommended for Prosecution In Cases Involving Some Form of "Bump Stock"

| Statute |
| --- |
| 18 USC 371 |
| 21 USC 841(a)(1) |
| 18 USC 922(g)(1) |
| 21 USC 846 |
| 18 USC 922(a)(1)(A) |
| 18 USC 924(c) |
| RICO |
| 18 USC 922(d)(1) |
| 18 USC 924(a)(1)(A) |
| 26 USC 5861(d) |
| 18 USC 922(a)(6) |
| 18 USC 554 |
| 18 USC (2) |
| OTHER GENERAL CHARGES |
| 18 USC 922(g)(3) |
| FIREARMS OTHER |
| 18 USC 922(a)(5) |
| 18 USC 922(g)(5) |
| 18 USC 922(o) |
| 18 USC 922(k) |
| 18 USC 922(j) |
| 26 USC 5861(e) |
| NARCOTICS (FEDERAL OR STATE) |
| 18 USC 2342, 2343 |
| 26 USC 5861(f) |
| 26 USC 5861(i) |
| 18 USC 1001 |
| 18 USC 922(d)(5) |
| 18 USC 922(e) |
| 26 USC 5861 |
| 26 USC 5861(c) |
| 18 USC 1343 |
| 18 USC 1512 |
| 18 USC 1513 |
| 18 USC 922(m) |
| 18 USC 924(n) |
| ARMED DRUG / VIOLENT CRIME |
| PAROLE/PROBATION VIOLATIONS |
| 18 USC (4) |
| 18 USC 1951 |
| 18 USC 842(i) |

AR000679

| Charge Description | T |
|---|---|
| Conspiracy to commit offense against U.S. | 109 |
| Mfg., distribute, or possess controlled substance | 101 |
| Possession of firearm/ammunition by convicted felon | 95 |
| Drug Conspiracy | 93 |
| Dealing firearms without license | 62 |
| Use of firearm in Federal drug/violent crime | 53 |
| RICO | 30 |
| Sale of firearms to felon or person under indictment | 29 |
| Cause FFL to falsify records | 29 |
| Receive/posess NFA firearm not registered in NFRTR | 29 |
| Falsified information when buying firearms | 26 |
| Smuggling goods from the United States | 21 |
| Aiding and Abetting | 18 |
| Other General Charges | 18 |
| Possession of firearm by drug user | 14 |
| Firearms Other | 14 |
| Transfer firearm to out-of-state resident | 13 |
| Possession of firearm by illegal alien | 13 |
| Possess/transfer machinegun unlawfully | 12 |
| Rec./ship/tran FA with obliterated Ser. No. | 9 |
| Possession of stolen firearm | 7 |
| Transfer a NFA firearm in violation | 7 |
| Narcotics (Federal or State) | 7 |
| Tobacco trafficking | 6 |
| Manufacturing NFA weapon without paying special occupational tax | 6 |
| Receive/posess NFA firearm not identified by serial number | 5 |
| False statement | 4 |
| Sale of firearms to illegal alien | 4 |
| Carrier not notified of firearm shipment | 4 |
| NFA violations | 4 |
| Receive/posess NFA firearm made in violation | 4 |
| Fraud by wire, radio, or television | 3 |
| Tampering with a Witness | 3 |
| Threatening a witness | 3 |
| FFL omit or falsify required information | 3 |
| Interstate travel in furtherance of 922(a)(1)(A) | 3 |
| Armed Drug / Violent Crime | 3 |
| Parole/Probation Violations | 3 |
| Misprison of a Felony | 2 |
| Interference with commerce by threats/violence/robbery (Hobbs Act) | 2 |
| Receive/trans by prohibited person | 2 |

| |
|---|
| 18 USC 922(a)(3) |
| 26 USC 5861(a) |
| 18 USC 1958 |
| 18 USC 473 |
| 18 USC 545 |
| 18 USC 922(g)(5)(B) |
| 18 USC 922(g)(9) |
| 18 USC 922(l) |
| 18 USC 922(n) |
| 18 USC 922(u) |
| 18 USC 924(h) |
| 21 USC 843(b) |
| 21 USC 844(a) |
| 26 USC 5861(h) |
| 26 USC 5861(j) |
| 26 USC 5861(k) |
| Grand Total |

AR000681

| | |
|---|---|
| Unlawful Interstate Receipt of Firearms | 2 |
| Dealing in NFA firearms without having paid SOT | 2 |
| Use of interstate commerce in commission of murder for hire | 1 |
| Dealing in Counterfeit Obligations or Securities | 1 |
| Smuggling goods into the United States | 1 |
| Ship/transport to or possess/receive any firearms/ammunition by any person under non-immigrant visa | 1 |
| Possession of firearm after domestic abuse charge | 1 |
| Unlawful importation of firearms | 1 |
| Rec./ship/tran FA after indictment | 1 |
| Theft of FA from FFL | 1 |
| Transfer firearm to be used to commit crime of violence / drug trafficking | 1 |
| Use of a communication device in furtherance of drug trafficking | 1 |
| Possession of a controlled substance (misdemeanor) | 1 |
| Receive/possess NFA firearm without serial number obliterated/altered | 1 |
| Transport/deliver/receive NFA firearm in interstate commerce which had not been registered | 1 |
| Receive/possess NFA firearm imported in violation | 1 |
| | 891 |

AR000682

| Case Id | Case Number | Case Title | Case Status | Case Agent Username | Field Division Name |
|---------|-------------|------------|-------------|---------------------|---------------------|
| 526152 | 788030-15-0047 | | Closed | | Denver Field Division |
| 496944 | 768045-14-0023 | | Open | | Washington Field Division |
| 557959 | 762060-16-0022 | | Open | | Boston Field Division |
| 503853 | 768025-15-0018 | | Open | | Washington Field Division |
| 432342 | 787035-12-0073 | | Open | | Seattle Field Division |
| 481012 | 784090-14-0009 | | Open | | Los Angeles Field Division |
| 459850 | 785121-13-0022 | | Closed | | Phoenix Field Division |
| 513109 | 762025-15-0021 | | Open | | Boston Field Division |
| 419524 | 776025-12-0003 | | Closed | | Nashville Field Division |
| 481012 | 784090-14-0009 | | Open | | Los Angeles Field Division |
| 491479 | 763055-14-0035 | | Closed | | Charlotte Field Division |
| 564912 | 765045-16-0041 | | Open | | New York Field Division |

| Field Office Name | Propty Description |
|---|---|
| Cheyenne Field Office | 1 BOX FOR A "SSARE-15 SBS SLIDE FIRE RIFLE STOCK" |
| Roanoke Field Office | ASSORTED MAGAZINES FOR AK'S, AR15, 22, (19 MAGS) AND SLIDE FIRE STOCK, AK DRUM MAG |
| New Haven Field Office | BUMPFIRE SYSTEMS AR-15 BUMPFIRE STOCK |
| Norfolk Field Office | ITEM #21 ON TAB. AR15 BUMPFIRE STOCK |
| Eugene Field Office | NEWSPAPER ADVERTISEMENT TAKEN OUT BY 2ND AMENDMENT GUNS ADVERTISING BUMP-FIRING STOCKS FOR SALE, ADMITTED TO BEING WRITTEN BY CLOW. |
| San Diego IV Field Office | ONE (1) SLIDE FIRE AR STOCK |
| Las Cruces Field Office | ONE BOX LABELED "SLIDE FIRE" FOR A SSAK-47 XRS FIREARM |
| Bridgewater Field Office | SHIPPING ENVELOPE CONTAINING AR15 BUMPFIRE STOCK |
| Chattanooga Field Office | SLIDE FIRE SOLUTIONS SSAR-15 OGR |
| San Diego IV Field Office | SLIDEFIRE SSAR-15 COLLAPSIBLE STOCK, PACKAGED IN MANUFACTURERS FACTORY PACKAGING |
| Greenville Field Office | TRIGGER BUMP MECHANISM |
| New York III / Hudson Valley Field Office | VARIOUS FIREARM PARTS AND ACCESSORIES (INCLUDING ONE AR BUMP-FIRE STOCK, TWO RED DOT SIGHTS AND TWO AR BOLTS). |

**From:**       Thomas.Brandon@atf.gov
**To:**         ███████████
**Subject:**    Re: Bump Stocks
**Date:**       Friday, October 6, 2017 12:08:38 PM

Thanks, Jim. At FTB now. Came to shoot it myself. I'm very concerned about public safety and share your view. Have a nice day, Tom

Sent from my iPhone

> On Oct 6, 2017, at 11:24 AM, Jim Cavanaugh ███████████████████ wrote:
>
> Tom;
>
> Just to help you guys. Sometimes you need an outside view. Here is mine on Bump Stocks.
>
> The trigger is only pulled once, by human action, when the shooter pulls the barrel forward and the first round is expelled.
>
> After that the trigger finger never changes "GPS" position, and it is never pulled back again by human action, rather the whole receiver recoils instead of the bolt....
>
> Clearly it could and should come under the NFA....
>
> I know you know all this stuff,...I recommend an overruling of the prior decision and putting it under the NFA....
>
> Regardless of what Congress does or does not do...
>
> You can do it fast and it is the right thing to do, don't let the technical experts take you down the rabbit hole,
>
> When they say, "simulates full auto...". "
> that is a distinction without a difference...
>
>
> "Talk Crime Anytime"
>
> Jim Cavanaugh
> NBC/msnbc Law Enforcement Analyst
> ATF Special Agent in Charge (Retired)
> ███████████
>

AR000685

Regina Lombardo
Acting Deputy Director

# October 6, 2017

Friday

| October 2017 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| November 2017 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | | |

| FRIDAY | Notes |
|---|---|
| 6 | |
| ADD Turk - Military Leave | |
| Betty - Sick Leave | |
| Franco Frande - Acting AD (OM) | |

| Time | |
|---|---|
| 6 AM | |
| 7 | |
| 8 | |
| 9 | Acting Director Brandon - National Tracing Center Martinsburg, WV |
| 10 | |
| 11 | |
| 12 PM | |
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |

Brandon, Thomas E.                    1                    8/12/2019 3:57 PM

AR000686

**Cc:**     Allen, Joseph J.[          ] Gross, Charles R.[Charles.Gross@atf.gov]
**To:**     Brandon, Thomas E.[Thomas.Brandon@atf.gov]
**From:**    Turk, Ronald B.
**Sent:**    Fri 10/6/2017 12:23:11 AM
**Subject:**  Fwd: Analysis
Counsel Memo to OAG re 'Bump Fire' Stocks 10-5-17.docx
ATT00001.htm

Sir, attached analysis was forwarded to OLC.

If you concur, I propose to assemble a working group from EPS (FATD), CC, Ops and others

Chuck - another legal issue I was thinking on regards Congressional intent with the 1986 statute relating to machine guns. There was, in my opinion, a clear legislative intent to keep future machine guns out of the public realm. Any devices such a bump fire stocks,      effectively create machine gun-like fire and arguably should not be allowed.

Ron


Begin forwarded message:

     **From:** "Allen, Joseph J." -
**Date:** October 5, 2017 at 6:56:07 PM EDT
**To:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Subject: Analysis**

Ron, This is the analysis we sent for OLC review.

Will call.

Joe

AR000688



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Office of Chief Counsel*

*Washington, DC 20226*

www.atf.gov

October 5, 2017

200000:EME

MEMORANDUM TO:   Office of the Attorney General
                 United States Department of Justice

FROM:   Chief Counsel
        Bureau of Alcohol, Tobacco, Firearms and Explosives

SUBJECT:   Legality of "Bump-Fire" Rifle Stocks

Since 2008, ATF has issued private letter determinations to nine manufacturers of "bump-fire"-type devices advising the manufacturers that the devices submitted for review were not classified as machineguns for purposes of Federal law. These letters were issued after ATF firearm experts conducted a technical evaluation of a voluntarily submitted prototype[1] of each device to determine whether the device enabled a semi-automatic firearm to discharge more than one shot with a single function of the trigger, and therefore fell within the statutory definition of a machinegun. The key factor in making the determination that these "bump-fire" devices did not fall within the statutory machinegun definition was whether the device artificially enhanced the rate of fire by using a mechanical feature, as opposed to facilitating a shooter's ability to physically pull the trigger at a higher rate than would be possible without the device. In the former case, the device was typically classified as a machinegun. In the latter case, it typically was not.

### Relevant Background

---

[1] ATF does not have authority to require manufacturers to submit prototypes of firearm accessories for review to determine if the accessory should be classified as a firearm subject to federal regulation.



**PREDECISIONAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**

- 2 -

Office of the Attorney General

As amended by the Firearm Owners Protection Act of 1986, the GCA at 18 U.S.C § 922(o) prohibits the transfer or possession of a "machinegun" except by government agencies and those lawfully possessed before May 19, 1986 and registered in the National Firearms Registration and Transfer Record (NFRTR) in accordance with the NFA, 26 U.S.C. § 5841. Unregistered machineguns are also prohibited from being possessed and transferred under the NFA, 26 U.S.C. 5861(d), (e). A "machinegun" is defined under the NFA and GCA as follows:

> [A]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled, if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b); 18 U.S.C. § 921(a)(23); *see also* 27 C.F.R. § 478.11 (stating same).

In August of 2003, a prototype of a device called the "Akins Accelerator" was submitted to ATF for classification.[2] Initially, ATF classified that device as a non-machinegun, which was consistent with a 1989 evaluation of a firearm with a "two-stage trigger," (*i.e.*, causing a shot to be fired when the trigger was depressed and a shot fired when the trigger was released). ATF had determined such firearms were not machineguns because the phrase "single function of the trigger" meant a single *movement* of the trigger; the two-stage trigger moved twice. However, after a subsequent test fire, ATF determined the Akins device converted a semiautomatic rifle into a weapon capable of firing automatically by a single function of the trigger and was, therefore, a machinegun. ATF's classification letter stated, "it is the position of this agency that conversion parts that are designed and intended to convert a weapon into a machinegun, that is, one that will shoot more than one shot, without manual reloading, by a single *pull* of the trigger, are regulated as machineguns under the National Firearms Act and the Gun Control Act." Simply put, the device was a machinegun because once the trigger was pulled, the firearm continued to shoot until the trigger pressure was removed or the ammunition was exhausted.

Concerned about the public safety implications if these devices were sold without oversight, ATF issued Ruling 2006-2, which holds that trigger activating devices that require only one pull of the trigger to initiate a repeating cycle of fire, such as the Akins Accelerator, are properly classified as machineguns. The Ruling explained that these devices were machineguns because they are parts designed and intended to convert a weapon into a machinegun, *i.e.*, a weapon that will shoot automatically more than one shot, without manual reloading, by a single function of the trigger. The Ruling cited legislative history of the NFA as authority for equating the phrase "single function of the trigger" with "single pull of the trigger.[3]

[2] The Akins Accelerator was an accessory firearm stock that, once attached to a Ruger 10/22 semiautomatic rifle, accelerated the rifle's rate of fire. The shooter pulled the trigger one time, which initiated an automatic firing sequence that causes the rifle to recoil within the stock permitting the trigger to lose contact with the finger and manually reset, springs then force the rifle forward in the stock, forcing the trigger against the finger, causing the weapon to automatically discharge the ammunition until the shooter released the trigger or the ammunition is exhausted. Put another way, the device caused the firearm to cycle back and forth, impacting the trigger finger—which remained stationary—and firing the firearm automatically. The advertised rate of fire for a weapon with the Akins Accelerator was 650 rounds per minute.

[3] Hearings before the Committee on Ways and Means, House of Representatives, 73rd Cong., Second Sess. on H.R. 9066 at 40

PREDECISIONAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

AR000690

- 3 -

Office of the Attorney General

Mr. Akins then sued ATF, and ultimately the Eleventh Circuit upheld ATF's classification of this device, explaining as follows:

> A machinegun is a weapon that fires "automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). The interpretation by the Bureau that the phrase "single function of the trigger" means a "single pull of the trigger" is consonant with the statute and its legislative history. After a single application of the trigger by a gunman, the Accelerator uses its internal spring and the force of recoil to fire continuously the rifle cradled inside until the gunman releases the trigger or the ammunition is exhausted. Based on the operation of the Accelerator, the Bureau had authority to "reconsider and rectify" what it considered to be a classification error. That decision was not arbitrary and capricious.

*Akins v. United States*, 312 F. App'x 197, 200 (11th Cir. 2009).

In contrast, in 2008, ATF had examined a shoulder-stock device that relied on the shooter to apply forward pressure on the fore-end of the firearm and timed to contact the trigger finger on the firing hand. ATF concluded that this device wasn't a machinegun because it was "incapable of initiating an automatic firing cycle that continues until either the finger is released or the ammunition supply is exhausted." Similarly, in 2010, ATF examined a replacement shoulder stock for the AR-15 type rifle the stated intent of which was to assist persons whose hands have limited mobility to "bump-fire" an AR-15 rifle. ATF concluded that this device was *not* a machinegun because, unlike the springs in the Akins Accelerator, it had "no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed." The classification further explained that, in order to use the installed device, "the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand."

## Analysis

███████████████████████████████████████████████████████████████

(1934) ("The distinguishing feature of a machine gun is that by a single pull of the trigger the gun continues to fire as long as there is any ammunition in the belt or in the magazine. Other guns require a separate pull of the trigger for every shot fired, and such guns are not properly designated as machine guns."); *see also Staples v. United States*, 511 U.S. 600, 600 (1994) ("The National Firearms Act criminalizes possession of an unregistered 'firearm,' 26 U.S.C. § 5861(d), including a 'machinegun,' § 5845(a)(6), which is defined as a weapon that automatically fires more than one shot with a single pull of the trigger, § 5845(b).").

[4] *Cf. U.S. v. Olofson*, 563 F.3d 652, 658 (7th Cir. 2009) ("Thus defined, in § 5845(b) the adverb "automatically," as it modifies the verb "shoots," delineates how the discharge of multiple rounds from a weapon occurs: as the result of a self-acting mechanism. That mechanism is one that is set in motion by a single function of the trigger and is accomplished without manual reloading.")

PREDECISIONAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

AR000691

- 4 -

Office of the Attorney General



If you have any questions, I can be reached at 202-648-

PREDECISIONAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

- 5 -

Office of the Attorney General

Charles R. Gross

PREDECISIONAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

AR000693

**To:**      Gleysteen, Michael[Mike.P.Gleysteen@atf.gov]; Richardson, Marvin G█████████████
**From:**    Turk, Ronald B.
**Sent:**    Fri 10/6/2017 12:45:23 AM
**Subject:** Fwd: Analysis
Counsel Memo to OAG re 'Bump Fire' Stocks 10-5-17.docx
ATT00001.htm

Gentlemen, for your eyes only / please do not forward or reproduce.  Wanted you to be entirely in the
loop on what we sent to DOJ, and what my thoughts are. ████████████████████████████████████

Ron

Begin forwarded message:

        **From:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Date:** October 5, 2017 at 8:23:10 PM EDT
**To:** "Brandon, Thomas E." <Thomas.Brandon@atf.gov>
**Cc:** "Allen, Joseph J." <██████████████████, "Gross, Charles R." <Charles.Gross@atf.gov>
**Subject:** Fwd: Analysis

        Sir, attached analysis was forwarded to OLC. ███████████████

If you concur, I propose to assemble a working group from EPS (FATD), CC, Ops and others ███████████████████████████████████████████████

Chuck - another legal issue I was thinking on regards Congressional intent with the 1986 statute relating to machine guns. There was, in my opinion, a clear legislative intent to keep future machine guns out of the public realm. Any devices such a bump fire stocks, ██████ ██ effectively create machine gun-like fire and arguably should not be allowed.

Ron

Begin forwarded message:

**From:** "Allen, Joseph J." < ████████████████
**Date:** October 5, 2017 at 6:56:07 PM EDT
**To:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Subject: Analysis**

Ron, This is the analysis we sent for OLC review.

Will call.

Joe

**To:**       Richardson, Marvin G. ▮▮▮▮▮▮▮▮▮▮
**From:**   Turk, Ronald B.
**Sent:**     Fri 10/6/2017 12:17:50 PM
**Subject:**  Re: Analysis

Agreed.....thanks Marvin

On Oct 5, 2017, at 10:15 PM, Richardson, Marvin G. ▮▮▮▮▮▮▮▮▮▮ wrote:



Sent from my iPad

On Oct 5, 2017, at 5:45 PM, Turk, Ronald B. <Ronald.Turk@atf.gov> wrote:

> Gentlemen, for your eyes only / please do not forward or reproduce. Wanted
> you to be entirely in the loop on what we sent to DOJ, and what my thoughts
> are. Your insight will be valuable as career agents that manage the areas
> highly affected by these issues. ▮▮▮▮▮▮▮▮▮▮

Ron

Begin forwarded message:

**From:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Date:** October 5, 2017 at 8:23:10 PM EDT
**To:** "Brandon, Thomas E." <Thomas.Brandon@atf.gov>
**Cc:** "Allen, Joseph J." ▮▮▮▮▮▮▮▮▮▮, "Gross, Charles R."
<Charles.Gross@atf.gov>
**Subject: Fwd: Analysis**



Sir, attached analysis was forwarded to OLC. ▮▮▮▮▮▮▮▮▮▮



If you concur, I propose to assemble a working group from EPS (FATD), CC, Ops and others

Chuck - another legal issue I was thinking on regards Congressional intent with the 1986 statute relating to machine guns. There was, in my opinion, a clear legislative intent to keep future machine guns out of the public realm. Any devices such a bump fire stocks, effectively create machine gun-like fire and arguably should not be allowed.

Ron

Begin forwarded message:

**From:** "Allen, Joseph J." -
**Date:** October 5, 2017 at 6:56:07 PM EDT
**To:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Subject: Analysis**

Ron, This is the analysis we sent for OLC review.

Will call.

Joe

&lt;Counsel Memo to OAG re 'Bump Fire' Stocks 10-5-17.docx&gt;

AR000698

**To:**      Gleysteen, Michael[Mike.P.Gleysteen@atf.gov]
**From:**   Turk, Ronald B.
**Sent:**    Fri 10/6/2017 12:30:58 PM
**Subject:**  Re: Analysis

Thanks Michael

On Oct 6, 2017, at 8:29 AM, Gleysteen, Michael <Mike.P.Gleysteen@atf.gov> wrote:

> Good morning sir –
>
> 
>
> Michael
>
> ---
>
> **From:** Richardson, Marvin G.
> **Sent:** Thursday, October 05, 2017 10:16 PM
> **To:** Turk, Ronald B. <Ronald.Turk@atf.gov>
> **Cc:** Gleysteen, Michael <Mike.P.Gleysteen@atf.gov>
> **Subject:** Re: Analysis
>
> > Sir,
> >
> > 
> >
> > Sent from my iPad
> > On Oct 5, 2017, at 5:45 PM, Turk, Ronald B. <Ronald.Turk@atf.gov> wrote:
> >
> > > Gentlemen, for your eyes only / please do not forward or reproduce. Wanted
> > > you to be entirely in the loop on what we sent to DOJ, and what my thoughts
> > > are. Your insight will be valuable as career agents that manage the areas
> > > highly affected by these issues.
> > >
> > > Ron

AR000699

Begin forwarded message:

**From:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Date:** October 5, 2017 at 8:23:10 PM EDT
**To:** "Brandon, Thomas E." <Thomas.Brandon@atf.gov>
**Cc:** "Allen, Joseph J." ▮▮▮▮▮▮▮▮▮▮▮▮ , "Gross, Charles R."
              <Charles.Gross@atf.gov>
**Subject: Fwd: Analysis**



Sir, attached analysis was forwarded to OLC.

If you concur, I propose to assemble a working group from EPS
(FATD), CC, Ops and others ▮▮▮▮▮▮▮▮▮▮▮▮

Chuck - another legal issue I was thinking on regards
Congressional intent with the 1986 statute relating to machine

guns. There was, in my opinion, a clear legislative intent to keep future machine guns out of the public realm. Any devices such a bump fire stocks, ▇▇▇▇▇ effectively create machine gun-like fire and arguably should not be allowed.

Ron

Begin forwarded message:

**From:** "Allen, Joseph J." ▇▇▇▇▇▇▇▇▇▇
**Date:** October 5, 2017 at 6:56:07 PM EDT
**To:** "Turk, Ronald B." <Ronald.Turk@atf.gov>
**Subject: Analysis**

Ron, This is the analysis we sent for OLC review.

Will call.

Joe

<Counsel Memo to OAG re 'Bump Fire' Stocks 10-5-17.docx>

**To:**    Brandon, Thomas E.[Thomas.Brandon@atf.gov]
**Cc:**    Allen, Joseph J.
**From:**  Griffith, Earl L.
**Sent:**  Sat 10/7/2017 3:58:05 PM
**Subject:** Re: ICYMI: The ATF Green Lit Bump Stocks Under Obama - Matt Vespa

The video won't download perhaps because of poor service out here in Western IL. If it is a bump fire technique that doesn't use any type of device and just your finger than I have seen it. The technique can be perfected with practice, however not as reliable as with a device. I'll try to find it on a YouTube video.

Sent from my iPhone

> On Oct 7, 2017, at 8:26 AM, Brandon, Thomas E. <Thomas.Brandon@atf.gov> wrote:
>
> Joe/Earl, check out the video in the article.
>
> Earl, have you ever seen, heard, or used the shooting technique displayed in the video?
>
> Thanks,
>
> Tom
>
> https://townhall.com/tipsheet/mattvespa/2017/10/05/on-bump-stocks-they-shouldnt-be-banned-atf-signed-off-on-it-and-obama-green-l-n2390745
>
>
> Sent from my iPad

**To:**      Brandon, Thomas E.[Thomas.Brandon@atf.gov]
**Cc:**      Allen, Joseph J.
**From:**    Griffith, Earl L.
**Sent:**    Sat 10/7/2017 4:27:39 PM
**Subject:** Re: Bump Firing Pistol - YouTube

Finally downloaded, I have not seen any of our folks duplicate the pistol bump fire. Several of the guys are very good with an AR type firearm.

Sent from my iPhone

> On Oct 7, 2017, at 9:08 AM, Brandon, Thomas E. <Thomas.Brandon@atf.gov> wrote:
>
> Earl, understand bump firing now. Thanks, Tom
>
> https://m.youtube.com/watch?v=8Zo5ju4EVLc
>
>
> Sent from my iPad

AR000703



**To:** Griffith, Earl L               Kingery, Max M            Curtis, Michael
R,              Richardson, Marvin G          Gilbert, Curtis
W
**Cc:** Allen, Joseph J
**From:** Powell, Michael
**Sent:** Wed 10/11/2017 12:39:17 PM
**Subject:** Vasquez' Slide Fire Analysis Position Paper
Vasquez  Slide Fire Analysis.pdf

In case you haven't already seen this.

Please see attachment.

R/s,

**Michael C. Powell**
Firearms Technology Specialist
Firearms & Ammunition Technology Division
Bureau of Alcohol, Tobacco, Firearms & Explosives
244 Needy Road
Martinsburg, WV 25405
Office: (304) 616-
Fax: (304) 616-4301

Slide Fire Analysis
Rick Vasquez

When ATF makes a classification on any device, part, or firearm, the classification is based on the definitions in the Gun Control Act (GCA) and the National Firearms Act (NFA). Also, classifications are based on any previous Rulings or court decisions based on the GCA and the NFA.

The task of making evaluations is relegated to the Firearms Technology Branch (FTB). As the senior Technical Expert for ATF it was my role to render an opinion or concur or disagree with opinions rendered by technicians of the FTB. In relation to the Slide Fire examination, since it was submitted as a device that would enhance the rate of fire of an AR type firearm, the predominant definition used by FTB for classification was the definition of a machinegun

The complete definition of a machinegun is as follows:

*As defined in 26 United States Code, Chapter 53, section 5845(b) Machinegun. The term 'machinegun' means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.* The term shall also include the frame or receiver of any such weapon, *any part designed and intended solely and exclusively,* or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The first sentence of the definition of a machinegun *designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger,"* is the basis for the determination that a slide fire stock is not a machinegun. Additionally, it was not classified as, *any part designed and intended solely and exclusively, or* combination of parts designed and intended for use in converting a weapon into a machinegun, a conversion device.

Another key component in determining what should be classified as a machinegun is understanding what a single function of the trigger is. Pulling and releasing of the trigger is two functions. The single function is pulling the trigger straight to the rear and causing a weapon to fire. If a shooter initially pulls and holds the trigger to the rear and a firearm continues to shoot continuously, that is a firearm shooting

2

more than one shot with the single function of a trigger. This is critical to understanding why or why not a firearm is classified as a machinegun.

The Slide Fire does not fire automatically with a single pull/function of the trigger. It is designed to reciprocate back and forth from the inertia of the fired cartridge. When firing a weapon with a Slide Fire, the trigger finger sits on a shelf and the trigger is pulled into the trigger finger. Once the rifle fires the weapon, due to the push and pull action of the stock and rifle, the rifle will reciprocate sufficiently to recock and reset the trigger. It then reciprocates forward and the freshly cocked weapon fires again when the trigger strikes the finger on its forward travel.

After lengthy analysis, ATF could not classify the slide fire as a machinegun or a machinegun conversion device, as it did not fit the definition of a machinegun as stated in the GCA and NFA.

Method of Evaluation:

An item that has been submitted for classification is logged in and assigned to a firearm enforcement officer (technician) for evaluation and classification. A tracking number is assigned and it awaits its place in the queue.

The following are procedures for how items were evaluated when I was a member of the Firearms Technology Branch. There may have been changes to those processes so I can only speak to the processes during the timeframe that I was employed at FTB.

Firearms and firearm-related accessories are submitted to the FTB for analysis from the public and firearms industry. The item is generally accompanied by a letter of request on how the submitter wants the item to be classified as. There are many categories of classification. For example: Is it an importable firearm? Is it a sporting firearm? Will it shoot automatically and be classified as a machinegun? Does a component fit the definition of an accessory or a firearm, and so forth.

Housed in the FTB are Standard Operation Procedures (SOPs) that memorialize the method of evaluation for most things that are submitted. Once a technician begins the evaluation, he will follow these SOPs in his evaluation. Many of the items submitted are redundant and have been seen time and time again. These items are reviewed and approved by the supervisor and the evaluation is over. For example, handguns for importation have a factoring criteria that must meet certain points to be imported.

3

Items such as the Slide Fire bump fire stock is a device that would have had additional scrutiny, especially since a device of this nature had not been previously approved. Once again, any evaluation is based on the definitions held in the GCA, NFA, previous opinions and rulings. These laws were implemented by Congress. Rulings and opinions were authored by council with input from the Department of Treasury and the Department of Justice.

The definition of a machinegun as stated above was used for the foundation of the classification of the Slide Fire and it did not meet the definition of a machinegun.

This opinion was sent to Chief Counsel and higher authority for review. After much study on how the device operates, the opinion, based on definitions in the GCA and NFA, was that the Slide Fire was not a machinegun nor a firearm, and, therefore, did not require any regulatory control.

Conclusion:

The methodology of evaluation listed above has been condensed for the reader. ATF is tasked with making classifications of items based on the GCA and NFA. Personal opinions are not tolerated in the classification process. The Slide Fire bump fire stock was properly classified in accordance with the definitions codified in 1968 in the GCA and Title II of the GCA which is the NFA.


Rick Vasquez
Former Assistant Chief and Acting Chief of the Firearms Technology Branch
Firearms Consultant and Security Advisor

 **ATF Association**

October 12, 2017

Representative Carlos Curbelo
U.S. House of Representatives
1404 Longworth H.O.B.
Washington DC 20515

Representative Curbelo,

The ATF Association consists of current and former employees of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and is supported by organizations and citizens across the country. Recently, some have attempted to cast blame on ATF for not banning devices like the "bump slide" used in the Las Vegas shootings. We would like to clarify this confusing issue to protect honorable ATF employees from false allegations that they chose to make this item legal when it was the law that prohibited them from regulating the item. We also hope this information will assist you in a better understanding of this issue.

The National Firearms Act of 1934, Title 26 U.S.C. 5845(b) defines a "machine gun" as any combination of parts designed and intended for use in converting a weapon **to shoot automatically more than one shot**, without manual reloading, **by a single function of the trigger**. ATF also holds that any item that can cause a firearm to fire more than one shot by the single function of the trigger is also regulated as a machine gun.

The Las Vegas killer used a "bump slide" accessory that attaches to the stock of a semi-automatic rifle and enhances the rate at which the shooter can pull the trigger on the firearm. This increases the rate of fire close to that of an actual machine gun. **However, under the current law, it does not make it a machine gun.**

The **bump slide**, and several other similar after-market accessories that increase the rate at which a shooter can pull the trigger, are **engineered to avoid regulation under Federal law**. These accessories DO NOT cause the firearm to shoot more than one shot by the single function of a trigger pull. The notion that ATF chose not to regulate an item it had the authority to regulate is false. **The law is very clear and it does not currently allow ATF to regulate such accessories.**

In the past, ATF has reviewed accessories that DID cause a semi-automatic rifle or pistol to fire more than one shot with a single pull of the trigger, such as the Lightning Link, the Atkins Accelerator and other "Drop in Sears" which cause semi-automatic rifles to function as machine guns. ATF makes rulings based on the statutory authority contained in law and **cannot change the law** to add new accessories that do not fall within the scope of existing law. A link to many of these ATF rulings can be found at the following link: https://www.atf.gov/firearms/docs/atf-national-firearms-act-handbook-appendix-b/download

6919 Vista Drive • West Des Moines, IA 50266
Phone: 515-282-8192 • Fax: 515-282-9117
Email: atfa@atfassociation.org • Web: www.atfassociation.org

AR000708

Representative Carlos Curbelo
October 12, 2017
Page 2

If it is determined that bump slides and similar devices should be regulated, one way it could be accomplished is to support adding a new category to the National Firearms Act of 1934 allowing for the regulation of "multi-burst trigger activators". California and New York already regulate such items. The new category of Federal law would encompass other accessories on the market that make semi-automatic rifles fire like a machine gun but are engineered in a way to avoid regulation under current Federal law. These are commonly available for sale in firearms stores and on websites such as Rapidfiretriggers.net and Rockinlock.com.

We hope you will support legislation to regulate these multi-burst trigger activators. As noted, the National Firearms Act of 1934 works well with the items that it regulates. We also hope you will not allow the honorable employees of ATF, who followed existing law in their bump stock ruling, to be falsely accused of not doing their job by those who seek to exploit the situation for political gain.

Thank you for your time and attention. I look forward to your response.

Sincerely,

Michael R. Bouchard
President, ATFA

**To:** Seubert, Heather (LD) (FBI) ▉
**From:** Griffith, Earl L.
**Sent:** Thur 10/12/2017 8:32:36 PM
**Subject:** Re: Las Vegas

Hello Heather,

Thanks for getting back to me on the email. Can we get a copy of the report? We have been asked by DOJ to look at our legal analysis on bump stock devices. One of my questions would be if any of the firearms had any internal modifications that could have changed caused the rate of fire.

Kind regards
Earl

Sent from my iPhone

On Oct 12, 2017, at 1:52 PM, Seubert, Heather (LD) (FBI) ◀ ▉ ▶ wrote:

> Hello,
>
> Thank you. All examinations have been complete and the report has been provided to the Field
> office. Always appreciate the help/assistance, but we completed everything requested.
>
> Thanks,
> Heather
>
>
> Heather Seubert
> Chief, Firearms/Toolmarks Unit
> FBI Laboratory
> (703)632-▉
>
>
> -------- Original message --------
> From: "Patterson, A. S. (TD) (FBI)" ◀ ▉ ▶
> Date: 10/12/17 10:53 AM (GMT-05:00)
> To: "Griffith, Earl L. (ATF)" ◀ ▉ ▶ "Seubert, Heather (LD) (FBI)"
> ▉
> Subject: Re: Las Vegas
>
> Heather, please see the email offer from my friend over at ATF.
>
> Earl,
> Heather is the Unit Chief of our Laboratory Division Firearms/Toolmark Unit.
>
> Good luck with this monster case...

AR000710

-------- Original message --------
From: "Griffith, Earl L." <span style="background:black">████████████</span>>
Date: 10/12/17 6:33 AM (GMT-06:00)
To: "Patterson, A. S. (TD) (FBI)" <span style="background:black">████████████</span>>
Subject: Las Vegas

Scott,

I'm reaching out to offer ATF's expertise in examining the firearms used in the Las Vegas shooting. I would send one of my Firearms Enforcement Office's to give your examiner's our opinion on any modifications of the firearms. If you could send my email to the proper decision maker it would be appreciated.

Kind regards,
Earl

Sent from my iPhone

To:       Turk, Ronald B.[Ronald.Turk@atf.gov]
From:     Griffith, Earl L.
Sent:     Fri 10/13/2017 4:16:31 PM
Subject:  Fwd: Las Vegas

FYI

Sent from my iPhone

Begin forwarded message:

From: "Seubert, Heather (LD) (FBI)" █████████████
Date: October 13, 2017 at 10:16:42 AM EDT
To: "Griffith, Earl L. (ATF)" ◄█████████████
Cc: "Pokorak, Eric G. (LD) (FBI)" █████████████
Subject: RE: Las Vegas

> Hi Earl,
>
> Based upon the laboratory examinations that were conducted, there were no internal
> modifications to any of the submitted firearms that would have changed the rate of fire. I have
> contacted the Field Office and made them aware of your request for a report of examination.
> Can you provide me with the contact at DOJ that has made the request?
>
> Thanks,
> Heather
>
> From: Griffith, Earl L. (ATF) █████████████
> Sent: Thursday, October 12, 2017 4:33 PM
> To: Seubert, Heather (LD) (FBI) █████████████
> Subject: Re: Las Vegas
>
> Hello Heather,
>
> Thanks for getting back to me on the email. Can we get a copy of the report? We have
> been asked by DOJ to look at our legal analysis on bump stock devices. One of my
> questions would be if any of the firearms had any internal modifications that could have
> changed caused the rate of fire.
>
> Kind regards
> Earl

To:       Turk, Ronald B [Ronald.Turk@atf.gov]
Cc:       Allen, Joseph J                        , Gleysteen, Michael[Mike.P.Gleysteen@atf.gov]
From:     Brandon, Thomas E.
Sent:     Fri 10/13/2017 5:59:52 PM
Subject:  Re: Las Vegas

10-4, Ron. Thanks for letting me know. Tom

Sent from my iPhone

On Oct 13, 2017, at 1:54 PM, Turk, Ronald B. <Ronald.Turk@atf.gov> wrote:

> Sir, FBI reports no further modifications to the rifles from LV scene. We will still
> get a copy of the report.
>
> Ron
>
>
> Begin forwarded message:
>
> **From:** "Seubert, Heather (LD) (FBI)"
> **Date:** October 13, 2017 at 10:16:42 AM EDT
> **To:** "Griffith, Earl L. (ATF)"
> **Cc:** "Pokorak, Eric G. (LD) (FBI)"
> **Subject: RE: Las Vegas**
>
>> Hi Earl,
>>
>> Based upon the laboratory examinations that were conducted, there were no
>> internal modifications to any of the submitted firearms that would have changed
>> the rate of fire. I have contacted the Field Office and made them aware of your
>> request for a report of examination. Can you provide me with the contact at DOJ
>> that has made the request?
>>
>> Thanks,
>> Heather
>>
>> **From:** Griffith, Earl L. (ATF)
>> **Sent:** Thursday, October 12, 2017 4:33 PM
>> **To:** Seubert, Heather (LD) (FBI)
>> **Subject:** Re: Las Vegas
>>
>>> Hello Heather,
>>>
>>> Thanks for getting back to me on the email. Can we get a copy of the report?
>>> We have been asked by DOJ to look at our legal analysis on bump stock
>>> devices. One of my questions would be if any of the firearms had any internal
>>> modifications that could have changed caused the rate of fire.
>>>
>>> Kind regards

Earl

AR000714

**To:** Allen, Joseph J. ████████████████
**From:** Brandon, Thomas E.
**Sent:** Sun 10/22/2017 12:57:04 PM
**Subject:** Re: NYTimes: 10 Minutes. 12 Gunfire Bursts. 30 Videos. Mapping the Las Vegas Massacre.

Excellent video. Thanks, Joe. Tom

Sent from my iPad

On Oct 22, 2017, at 8:36 AM, Allen, Joseph J. ████████████████ wrote:

> https://www.nytimes.com/video/us/100000005473328/las-vegas-shooting-timeline-12-bursts.html?smprod=nytcore-ipad&smid=nytcore-ipad-share

The shots began at 10:05. Twelve bursts of gunfire later, the police broke down Stephen Paddock's door at the Mandalay Bay. The Times mapped 30 videos to draw perhaps the most complete picture to date of what happened.

Thank you, Joe

**From:**
**To:**          Thomas.E.Brandon@usdoj.gov
**Subject:**     Re: What Is a Bump Stock and How Does It Work? - The New York Times
**Date:**        Saturday, October 28, 2017 11:31:39 AM

Thanks Tom. I hadn't seen this. Hope all is good.

On Oct 28, 2017, at 10:11 AM, "Thomas.E.Brandon@usdoj.gov"
<Thomas.E.Brandon@usdoj.gov> wrote:

> Chuck, great animation for understanding bump stocks. Have a nice weekend,
> Tom
>
> https://www.nytimes.com/interactive/2017/10/04/us/bump-stock-las-vegas-
> gun.html
>
>
> Sent from my iPad

ATTORNEYS GENERAL OF MASSACHUSETTS, NEVADA, ALABAMA, ALASKA,
AMERICAN SAMOA, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT,
DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, IDAHO,
ILLINOIS, IOWA, MAINE, MINNESOTA, MONTANA, NEW JERSEY, NEW MEXICO,
NORTH CAROLINA, NORTH DAKOTA, NORTHERN MARIANA ISLANDS,
OREGON, PENNSYLVANIA, RHODE ISLAND, UTAH, VERMONT, VIRGIN
ISLANDS, VIRGINIA, WISCONSIN

October 30, 2017

The Honorable Mitch McConnell
Majority Leader
U.S. Senate

The Honorable Paul Ryan
Speaker of the House
U.S. House of Representatives

The Honorable Chuck Schumer
Minority Leader
U.S. Senate

The Honorable Nancy Pelosi
Minority Leader
U.S. House of Representatives

Re: Las Vegas Tragedy and "Bump-Stocks"

Dear Congressional Leaders:

As the chief law enforcement officers of our respective states, we are deeply saddened by the
recent tragedy in Las Vegas, Nevada and we are extremely concerned about the role that so-
called "bump stocks" may have played in causing mass casualties and spreading carnage. While
we mourn for those injured and killed, and honor the first responders that acted with valor, it is
time for Congress to consider whether action is needed to close a loophole in current
machinegun laws.

Since 1986—when Congress enacted the Firearm Owners Protection Act to amend the Gun
Control Act of 1968 ("Act")—fully automatic weapons and "machineguns" have been restricted.
*See* Pub. L. No. 99-308, 100 Stat. 449 (May 1986). Under the Act, it is unlawful for civilians to
possess a machinegun unless the firearm was acquired prior to the Act's effective date. 18 U.S.C.
§ 922(o)(2)(B). Machineguns cannot be sold or transferred without the approval of the Bureau of
Alcohol, Tobacco, Firearms, and Explosives. *See id.* § 922(o)(2)(A); 27 C.F.R. § 479.84. Thus,
for over three decades, Congress has expressed its intent to tightly control the availability and
use of machineguns within the civilian population. Courts have upheld these restrictions against
constitutional challenges. *See, e.g., U.S. v. One (1) Palmetto State Armory PA-15 Machinegun
Receiver/Frame, Unknown Caliber Serial No. LW001804,* 822 F.3d 136, 144 (3d Cir. 2016)
("These cases make clear that § 922(o) does not burden conduct falling within the scope of the
Second Amendment, and thus, Watson's facial challenge to § 922(o) must fail.")

It has been widely reported that the Las Vegas gunman, Stephen Paddock, modified otherwise
lawful semi-automatic rifles with "bump stocks" to kill 58 innocent people and injure hundreds
more. A "bump stock" is a plastic or metal piece attached to a firearm's stock that is specifically
designed to harness the gun's natural recoil and increase the ability to fire like a fully automatic
weapon. As demonstrated by the many gut-wrenching videos that have surfaced from that fateful

AR000717

night in Las Vegas, bump stocks can mimic fully automatic machinegun fire and therefore lead to disastrous consequences in the wrong hands.

It therefore appears that bump stocks may be used to evade the machinegun laws that are currently in place and that have passed judicial scrutiny. Accordingly, we urge Congress to evaluate whether bump stocks should be regulated in the same fashion as machineguns to further protect our States' citizens from the dangers posed by unrestricted fully automatic weapons. When considering any new laws, it is vital that Congress act with due deliberation and circumspection, but Congress should carefully consider whether bump stocks have created a loophole in the machinegun laws that should be addressed.

Respectfully,

Adam Paul Laxalt
Nevada Attorney General

Steve Marshall
Alabama Attorney General

Talauega Eleasalo V. Ale
American Samoa Attorney General

Xavier Becerra
California Attorney General

George Jepsen
Connecticut Attorney General

Karl A. Racine
District of Columbia Attorney General

Maura Healey
Massachusetts Attorney General

Jahna Lindemuth
Alaska Attorney General

Mark Brnovich
Arizona Attorney General

Cynthia H. Coffman
Colorado Attorney General

Matthew P. Denn
Delaware Attorney General

Pamela Jo Bondi
Florida Attorney General



Christopher M. Carr
Georgia Attorney General



Lawrence Wasden
Idaho Attorney General



Tom Miller
Iowa Attorney General

Lori Swanson
Minnesota Attorney General

Christopher S. Porrino
New Jersey Attorney General

Josh Stein
North Carolina Attorney General

Edward Manibusan
Northern Mariana Islands Attorney General

Josh Shapiro
Pennsylvania Attorney General



Douglas S. Chin
Hawaii Attorney General



Lisa Madigan
Illinois Attorney General

Janet T. Mills
Maine Attorney General



Tim Fox
Montana Attorney General

Hector Balderas
New Mexico Attorney General

Wayne Stenehjem
North Dakota Attorney General

Ellen F. Rosenblum
Oregon Attorney General

Peter F. Kilmartin
Rhode Island Attorney General

AR000719

Case 2:19-cv-00037-JNP   Document 59-13   Filed 11/30/22   PageID.1188   Page 53 of 53


Sean Reyes
Utah Attorney General

Claud E. Walker
Virgin Islands Attorney General

Brad Schimel
Wisconsin Attorney General

T.J. Donovan
Vermont Attorney General

Mark R. Herring
Virginia Attorney General


AR000720