Richard A. Samp
Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5217
rich.samp@ncla.legal

Counsel for Plaintiff
Limited Appearance; admitted *pro hac vice*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| W. CLARK APOSHIAN, | ) ) ) | **PLAINTIFF'S APPENDIX OF EVIDENCE – INDEX** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2-19-cv-00037-JNP-CMR |
| MERRICK GARLAND, Attorney General of the United States, *et al.*, | ) ) ) | District Judge Jill N. Parrish Magistrate Judge Cecilia M. Romero |
| Defendants. | ) ) ) | |

The sole document included within this Appendix of Evidence is the Declaration of

Plaintiff W. Clark Aposhian.  This suit seeks review of a final rule issued by the Bureau of

Alcohol, Tobacco, Firearms and Explosives.  Defendants filed the Administrative Record with

the Court on November 30, 2022.  Accordingly, per DUCivR 56-1(e), this Appendix of Evidence

does not include the Administrative Record.

/s/ Gerald M. Salcido
Gerald M. Salcido
Salcido Law Firm PLLC
43 W 9000 S, Suite B
Sandy, UT 84070
801-413-1753
jerry@salcidolaw.com

/s/ Richard A. Samp
Richard A. Samp
New Civil Liberties Alliance
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5217
rich.samp@ncla.legal

Richard A. Samp
Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5217
rich.samp@ncla.legal

Counsel for Plaintiff
Limited Appearance; admitted *pro hac vice*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| W. CLARK APOSHIAN, | ) | **DECLARATION OF** |
| | ) | **W. CLARK APOSHIAN** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2-19-cv-00037-JNP-CMR |
| | ) | |
| MERRICK GARLAND, Attorney General | ) | District Judge Jill N. Parrish |
| of the United States, *et al.*, | ) | Magistrate Judge Cecelia M. Romero |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 1746, I, W. Clark Aposhian, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.  Between 2008 and 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) repeatedly issued classification decisions indicating that non-mechanical bump stocks are not "machinegun[s]" as defined by federal law and thus are not subject to the federal ban on sale and possession of machineguns.

2.  In reliance on those ATF pronouncements, I legally purchased a type of non-mechanical bump stock manufactured by Slide Fire, known as a Slide Fire SSAK-47 XRS.

3.  I continued to possess the Slide Fire device on December 26, 2018, the date on which

ATF issued a final rule (the "Rule") reversing its prior position and declaring that non-mechanical bump stocks are "machinegun[s]" as defined by federal law, 26 U.S.C. § 5845(b).

4.  The Rule required those possessing bump stocks "to destroy them or abandon them at an ATF office" by March 26, 2019, or else they would be subject to criminal prosecution.

5.  I am a law-abiding Utah resident and have no disqualifications that prevent me from lawfully owning or operating a firearm and related accessories.

6.  I filed this lawsuit in U.S. District Court for the District of Utah in January 2019, along with a motion seeking a preliminary injunction against enforcement of the Rule.

7.  After the Court denied the preliminary injunction motion, I surrendered my Slide Fire device to ATF, with the understanding that ATF would preserve the device and would return it to me in the event that I ultimately prevailed in this lawsuit.

W. Clark Aposhian

Dated: 12/30/2022