IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| W. CLARK APOSHIAN,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, Acting Attorney General of the United States, et al.<br><br>    Defendants. | Case No. 2:19-cv-00037-JNP<br><br>**DEFENDANTS' MOTION TO RESCHEDULE ARGUMENT**<br><br>District Judge Jill N. Parrish |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7-1 of this Court's local rules, Defendants respectfully requests that the Court continue the argument currently scheduled in this case for September 28, 2023, until the Supreme Court resolves the pending petitions for certiorari in two related matters, *Garland v. Cargill*, No. 22-976, and *Guedes, et al.*, *v. ATF*, No. 22-1222.

The *Cargill* and *Guedes* petitions both seek Supreme Court review of the very question presented in this case: namely, whether the rule governing bump stock devices, promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in 2018, is lawful. The Government filed the *Cargill* petition seeking review of an *en banc* Fifth Circuit decision which concluded that the rule was not lawful. *See Cargill v. Garland*, 57 F.4th 447, 473 (5th Cir. 2023). By contrast, the private parties in *Guedes* seek review of the D.C. Circuit's conclusion that it was. *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 45 F.4th 306, 318 (D.C. Cir. 2022). Both petitions have now been distributed for the Supreme Court's October 6,

2023, conference—and it is therefore likely that the parties will know soon whether the Supreme Court will step in to resolve the circuit split.

The interests of judicial economy weigh in favor of awaiting the Supreme Court's decision. If the Supreme Court does not grant the petitions, this Court will be presented with the task of deciding the pending cross-motions for summary judgment in light of the Tenth Circuit's own earlier decision in this case, as well as the other (non-binding) authorities. That task is likely to be obviated if the Supreme Court grants the petitions. Either way, it would be inefficient for this Court and for the parties to devote resources to argument on their dispositive motions when the Supreme Court's forthcoming decision is likely to significantly clarify the path ahead.

For these reasons, Defendants respectfully request that the Court continue the oral argument currently scheduled for September 29, 2023, until after the Supreme Court issues orders on the pending petitions in *Cargill* and *Guedes*, which will likely take place within the next several weeks. Defendants' counsel conferred with Plaintiff's counsel about this request, who stated as follows: "Counsel for plaintiff would be pleased to present oral argument, if that is the Court's preference."

-3-

Dated: September 21, 2023              Respectfully submitted,

                                                          BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV (NY Bar 4918793)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-8550
alexander.v.sverdlov@usdoj.gov

*Counsel for Defendants*