IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| W. CLARK APOSHIAN,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, *et al.*,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00037-JNP-CMR<br><br>District Judge Jill N. Parrish |

On September 29, 2023, this court denied Plaintiff's Motion for Summary Judgment, ECF No. 61, granted Defendants' Cross-Motion, ECF No. 64, and entered judgment accordingly. *See* ECF Nos. 71, 72. In so doing, the court deferred to the interpretation of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") of the National Firearms Act of 1934, 26 U.S.C. § 5845, and the Gun Control Act of 1968, 18 U.S.C. § 922. The court determined that a regulation, Bump-Stock-Type Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) ("Final Rule"), was a reasonable interpretation of the statutory definition of "machinegun" and therefore a lawful exercise of the ATF's authority. To justify this deference, the court relied on *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), and *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020).

Subsequently, the United States Supreme Court decided *Garland v. Cargill*, 602 U.S. 406 (2024). There, the Court determined that the ATF "exceeded its statutory authority by issuing" the Final Rule. *Id*. at 415. In another opinion issued not long after, the Court overruled *Chevron* and declared that "courts need not and under the APA may not defer to an agency

interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). In light of the Court's decision in *Cargill*, the United States Court of Appeals for the Tenth Circuit vacated the September 29, 2023 judgment of this court and remanded the matter so that this court could "conduct any and all further proceedings it deems necessary and appropriate[.]" ECF No. 80.

Because the Final Rule was an invalid exercise of ATF's regulatory authority, Plaintiff's Motion for Summary Judgment, ECF No. 61, is **GRANTED**. Defendants' Cross-Motion, ECF No. 64, is **DENIED**. The court shall enter judgment concurrently with the issuance of this memorandum decision and order.

DATED August 13, 2024.

BY THE COURT

*/s/ Jill N. Parrish*

Jill N. Parrish
United States District Court Judge
